Brian J. WOODS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A02–1004–CR–418.

Court of Appeals of Indiana.

Dec. 29, 2010.

Steven Knecht, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Michael Gene Worden, Deputy

Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

ROBB, Judge.

*Case Summary and Issue*

Brian Woods appeals the trial court's determination that he is an habitual offender. For our review, Woods raises the sole issue of whether the State presented sufficient evidence to prove beyond a reasonable doubt that he is an habitual offender. Concluding there was sufficient evidence to find Woods is an habitual offender, we affirm.

*Facts and Procedural History*

On June 16, 2009, Woods began serving a one-year sentence on home detention. On August 8, 2009, Woods violated his home detention by leaving the premises without authorization. The State charged Woods with Class D felony escape and with being an habitual offender. On March 11, 2010, a jury found Woods guilty of escape. Woods then waived jury trial on the habitual offender charge.

The State incorporated the evidence from the guilt phase into the habitual offender phase of the trial. The State also introduced into evidence State's Exhibits 4 and 5. State's Exhibit 4 consisted of certified copies of an Information, Affidavit of Probable Cause, Event and Case Reports, and a Sentencing Order in Cause No. 79D05–0212–FD–625 ("Cause 625") in which Woods was charged with escape for an incident occurring in Tippecanoe County on December 3, 2002. The sentencing order, dated March 14, 2003, does not bear the trial judge's signature. State's Exhibit 5 consisted of certified copies of an Information, Affidavit of Probable Cause, Event and Case Reports, and a Sentencing Order in Cause No. 79D02–0409–FC–79 ("Cause 79") in which Woods was charged with

intimidation while armed with a deadly weapon for an incident occurring on September 29, 2004. Also in Cause 79, Woods was alleged to be an habitual offender based on a 2001 felony conviction in Illinois for aggravated unlawful failure to obey an order to stop and a felony conviction in Tippecanoe County for escape committed on December 3, 2002. He was sentenced in Cause 79 on May 18, 2005. Based on this evidence, the trial court found Woods to be an habitual offender. Woods now appeals the habitual offender determination.

*Discussion and Decision*

I.  Standard of Review

Upon a challenge to the sufficiency of the evidence for an habitual offender determination, the appellate court neither reweighs the evidence nor judges the credibility of the witnesses; rather, we examine only the evidence most favorable to the judgment, together with all of the reasonable and logical inferences to be drawn therefrom. *See Parks v. State,* 921 N.E.2d 826, 832 (Ind.Ct.App.2010), *trans. denied.* The habitual offender determination will be sustained on appeal so long as there is substantial evidence of probative value supporting the judgment. *Id.*

II.  Sufficiency of Evidence for Habitual Offender Determination

A person is an habitual offender if the State proves beyond a reasonable doubt that he has two prior, unrelated felony convictions. Ind.Code § 35–50–2–8(g). To support an habitual offender finding, (1) the second prior unrelated felony must be committed after sentencing for the first prior unrelated felony conviction; and (2) the offense for which the State seeks to have the person sentenced as an habitual offender must be committed after sentencing for the second prior unrelated

felony conviction. Ind.Code § 35–50–2–8(c).

Woods contends that State's Exhibit 4 is insufficient to prove a prior unrelated conviction for escape in Cause 625 because the sentencing order, although dated March 14, 2003, and stating the trial court "now enters judgment of conviction on Count I, Escape as a Class D Felony," ex. 4 at 8, does not bear the trial judge's signature. Thus, Woods argues Exhibit 4 fails to establish the sequence required by Indiana Code section 35–50–2–8(c) to prove him an habitual offender.

We begin by addressing the State's contention that Woods's argument is waived because he did not make any such claim or object to Exhibit 4 at trial. However, the State must establish each necessary element of a crime beyond a reasonable doubt and the burden of proof in a criminal trial never shifts to defendant. *Taylor v. State*, 587 N.E.2d 1293, 1301 (Ind.1992). Therefore, Woods could not and did not waive an insufficiency claim by failing to object to the lack of proof at trial. *See* Ind. Trial Rule 50(A)(5) (sufficiency issues may be raised for the first time on appeal in a criminal case).

Turning to the merits of Woods's appeal, Woods relies on *Abdullah v. State*, 847 N.E.2d 1031 (Ind.Ct.App.2006), in which this court addressed a similar argument. In that case, to establish the defendant's statuses as both a serious violent felon and an habitual offender, the State submitted certified copies of an abstract of judgment, charging documents, probable cause affidavits, and arrest records to prove the defendant had been convicted of robbery in 1993. The abstract was the only document suggesting a conviction in addition to simply arrest or criminal charges, but it was not signed by the trial judge. Citing Trial Rule 58, we held that an abstract of judgment must include a judicial signature in order to be a final record of the court's ruling. *Id.* at 1034. We reasoned that, "standing alone, an unsigned abstract fails to represent the trial court's final judgment and, therefore, is insufficient to prove a prior conviction for purposes of proving Abdullah's statuses as a serious violent felon and a habitual offender." *Id.* at 1035. Were Exhibit 4 from Cause 625 the only evidence offered to prove Woods's conviction in that case, we might be inclined to agree with Woods's argument based on the holding in *Abdullah*.[1] However, the record of this case contains additional evidence of Woods's conviction.

State's Exhibit 5 includes an information of habitual offender in Cause 79 alleging as one of the predicate offenses a felony conviction of escape for an act committed on December 3, 2002, in Tippecanoe County. The information further alleges Woods was sentenced for this crime on March 14, 2003. State's Exhibit 5 also contains a sentencing order in Cause 79 stating:

---

1. The State does not point to any additional evidence in the record of Woods's conviction in Cause 625, but instead contends *Abdullah* was wrongly decided on the basis of a misreading of the relevant Trial and Criminal Rules, or, in the alternative, is distinguishable from this case. Given our resolution of this case, we need not address the specifics of the State's contentions. However, we briefly note that contrary to the State's assertions that Trial Rule 58(A) and Criminal Rule 15.1, both requiring judicial signature on a judg-

ment, apply only to the judgment of *conviction* and not the sentencing order and further that an abstract of judgment (as in *Abdullah*) and a sentencing order (as here) are different, *Neff v. State*, 888 N.E.2d 1249, 1251 (Ind. 2008), used "judgment of conviction" to refer to a sentencing order and held an abstract of judgment is an appropriate substitute for a sentencing judgment. Based on *Neff*, we would not necessarily agree with the State's stance.

The defendant having entered pleas of guilty ... [t]he Court now accepts the Plea Agreement and the pleas of guilty and finds the defendant guilty of the offense of Intimidation While Armed With a Deadly Weapon, as charged in Count I; and that he is an Habitual Offender, as charged in Count II of the Informations filed herein.

Ex. 5 at 8. This sentencing order is signed by the presiding trial judge. *See id.* at 12.

It can reasonably be inferred based on the dates that the prior felony conviction of escape alleged in the Cause 79 information is the same felony conviction of escape in Cause 625 purported to be proven by Exhibit 4. Given that Woods pled guilty in Cause 79 and therefore admitted the allegations against him, including that he had been convicted of and sentenced for felony escape in Cause 625, we hold the State presented sufficient evidence of the existence and timing of the necessary predicate offenses to prove Woods is an habitual offender in this case.[2]

### Conclusion

The evidence presented at trial was sufficient to sustain the trial court's determination that Woods is an habitual offender. Woods's conviction is therefore affirmed.

Affirmed.

MAY, J., and VAIDIK, J., concur.

---

**2.** Absent Woods's admission, however, a properly signed judgment in one case referencing a different cause in a different court presided over by a different judge would seem tenuous proof, at best, of an underlying conviction, relying as it would on a faulty order itself.