**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**ADAM C. SQUILLER**
Squiller Law Office, P.C.
Auburn, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Apr 17 2012, 9:22 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MANUEL MARTINEZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 57A03-1109-CR-554 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE NOBLE SUPERIOR COURT
The Honorable Michael J. Kramer, Judge
Cause No. 57D02-1008-CM-704

**April 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Manuel Martinez pled guilty to battery. He was not present for a subsequent hearing on the amount of restitution owed to the victim. After hearing the victim's testimony and arguments from the parties, the court entered a restitution order of $39,327. On appeal, Martinez argues that his due process rights were violated when the hearing was held in his absence and that the restitution order was an abuse of discretion because the victim's testimony was too equivocal to support the amount ordered. The record reflects that Martinez was informed of the date and time of the hearing and that the court and defense counsel did not know where he was at the time of the hearing. Martinez cites no authority to support his contention that holding the hearing in his absence was a due process violation; therefore, we conclude that the issue is waived. Viewing the victim's testimony as a whole, we conclude that he testified unequivocally that he had at least $39,327 in medical bills, the amount awarded by the trial court. Therefore, we find no abuse of discretion and affirm the judgment of the trial court.

**Facts and Procedural History**

On August 19, 2010, Martinez was charged with class A misdemeanor battery. The information alleged that he struck Larry Krotzer and dislocated his mandible. On June 15, 2011, Martinez pled guilty and a sentencing hearing was held. He was sentenced to 180 days and ordered to report to the Noble County Jail on July 25, 2011. However, Martinez would

2

be allowed to serve his sentence through work release in Elkhart County if accepted.[1] The trial court set a hearing on the issue of restitution for July 27, 2011.

Martinez did not appear for the restitution hearing. The court commenced the hearing by stating, "This is set for restitution hearing today and Mr. Tipton [defense counsel] I think it's been … 15 minutes since this was originally scheduled and apparently you don't know why your client[ is] not here?" Tr. at 3. Defense counsel responded, "I don't your honor.… I … ask for it to be continued but understanding what was off record said that it probabl[y is] not going to happen just seeing how notice was given to him in court … at the last hearing …." *Id*. The trial court denied defense counsel's request for a continuance.

Krotzer was the sole witness at the restitution hearing. He stated that four people, including Martinez, approached him in his yard. Martinez hit him in the jaw, and he was also kicked. He woke up across the street in someone else's yard. His collarbone was broken in four places, and his jaw was rebuilt using a metal plate and screws. He has nine dead teeth in his mouth that his dentist did not want to remove because they were supporting his jaw. Although he was aware that Martinez struck his jaw, he did not know who had inflicted the rest of the injuries; however, he had no injuries prior to the battery.

Krotzer had an itemized list of his medical expenses, which the State offered into evidence, but defense counsel successfully objected to its admission. Krotzer testified that he had a hospital bill of $30,000 and paid an oral surgeon $9347. The prosecutor asked Krotzer,

---

[1] The record does not reflect whether Martinez was accepted into the Elkhart County work release program.

"At the time of the last hearing in this case …, do you know how much money you had spent approximately?" *Id*. at 11. Krotzer responded, "I have no idea[.] I never added it up[.]" *Id*. On cross examination, the following exchange occurred:

TIPTON: And you said you really don't know a total amount?

L. KROTZER: On my figures here I (indiscernible) …

TITPTON: I'm asking you without that paperwork do you know a total amount of restitution that is owed to you?

KROTZER: I don't know. I know it[']s right here.

TIPTON: But you're guessing?

L. KROTZER: I ain't guessing nothing I got paper with the proof.

TIPTON: Can you tell the Judge how much you've incurred in damages?

L. KROTZER: I'm up over $45,000.00.

TIPTON: But you're guessing right?

L. KROTZER: I'm guessing.

*Id*. at 13-14. On redirect, the State asked Krotzer what his guess was based on, and he said, "[T]he $30,000.00 hospital bill and the $9,000.00 doctor bill[.] I'm not even figured the other one." *Id*. at 14.

After hearing arguments from the parties, the court ordered Martinez to pay $39,327 in restitution to Krotzer. Martinez now appeals.

## Discussion and Decision

Martinez raises two issues on appeal: (1) whether the trial court violated his right to due process when it held the restitution hearing in his absence; and (2) whether the trial court abused its discretion by ordering him to pay $39,327 in restitution.

### I. Due Process

Martinez argues that the trial court violated his right to due process because scheduling the restitution hearing for two days after he was ordered to report to jail made it impossible for him to attend the hearing. Martinez apparently wishes us to infer from the trial court's sentencing order that he was in fact in jail at the time of the restitution hearing. However, his attorney stated that he did not know where Martinez was. Presumably, the court did not proactively issue a transportation order because it did not know whether he would be in jail or work release.

Other than a general reference to the Fourteenth Amendment, Martinez has not supported his argument with citation to authority. He does not cite any authority discussing what steps the trial court should have taken to secure his presence. We cannot craft Martinez's argument for him. Therefore, we conclude that the issue is waived. *See* Ind. App. Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on…."); *Shepherd v. Truex*, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004) ("It is well settled that we will not consider an appellant's assertion on appeal when he has failed to present cogent

5

argument supported by authority and references to the record as required by the rules…. If we were to address such arguments, we would be forced to abdicate our role as an impartial tribunal and would instead become an advocate for one of the parties.").

## II. Restitution

Pursuant to Indiana Code Section 35-50-5-3, a court may order a convicted person to pay restitution to the victim for certain types of expenses, including "medical and hospital costs incurred by the victim (before the date of sentencing) as a result of the crime." Restitution "must reflect actual loss incurred by a victim." *Kotsopoulos v. State*, 654 N.E.2d 44, 47 (Ind. Ct. App. 1995), *trans. denied*. An order of restitution is within the trial court's discretion, and we will review the order only for an abuse of that discretion. *Bennett v. State*, 862 N.E.2d 1281, 1286 (Ind. Ct. App. 2007). "An abuse of discretion occurs if the court's decision is clearly against the logic and effects of the facts and circumstances before it." *Id.*

Martinez argues that Krotzer's testimony was indefinite and contradictory; thus, the State failed to prove the specific amount of restitution owed.[2] We disagree. Krotzer testified without wavering that he had a $30,000 hospital bill and a $9347 bill from an oral surgeon.

---

[2] The State argues that Martinez has waived review of the restitution order because he did not object when the trial court entered the order. The cases cited by the State are inapposite. In *Mitchell v. State*, 730 N.E.2d 197, 201 (Ind. Ct. App. 2000), *trans. denied*, the defendant not only did not object to the restitution order, but he also affirmatively represented his willingness to pay the amount ordered by the court; thus we held that he had *invited* the error. In *Kellett v. State*, 716 N.E.2d 975, 981 (Ind. Ct. App. 1999), the defendant failed to object to the admission of the evidence on which the restitution order was based. Martinez's argument is more comparable to a sufficiency issue, which is not waived by "failing to object to the lack of proof at trial." *Woods v. State*, 939 N.E.2d 676, 678 (Ind. Ct. App. 2010) (citing Ind. Trial Rule 50(A)(5)), *trans. denied*. The purpose of requiring an objection at the trial level "is to alert the trial court so that it may avoid error or promptly minimize harm from an error that might otherwise require reversal, result in a miscarriage of justice, or waste time and resources." *Camm v. State*, 908 N.E.2d 215, 223 (Ind. 2009). That purpose is not served here, where Martinez's argument on appeal is essentially the same that he made in his closing argument before the trial court.

Viewing his testimony as a whole, it is apparent that he had additional bills and was not able to recall the total amount of his bills without reference to the documentation to which Martinez had successfully objected. Krotzer expressed uncertainty only when questioned about the *total* of his medical bills. His testimony supports a conclusion that he had *at least* $39,327 in medical bills, which is the amount of restitution ordered by the trial court.[3] Therefore, we find no abuse of discretion.

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.

---

[3] Martinez suggests that he cannot be ordered to pay restitution for injuries that may have been caused by one of the other individuals present at the time of the offense. The State counters that as an accomplice, he is jointly and severally liable for all the injuries that Krotzer sustained. As neither party cites any authority for their respective positions, we decline to address the issue.