# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 17 2015, 10:06 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Karen M. Heard | Gregory F. Zoeller |
| Vanderburgh County Public Defender's Office | Attorney General of Indiana |
| Evansville, Indiana | |
| | James B. Martin |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Reko Deprea Levels, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 17, 2015 <br><br> Court of Appeals Case No. 82A01-1404-CR-177 <br><br> Appeal from the Vanderburgh Circuit Court <br><br> The Honorable Kelli E. Fink, Magistrate <br><br> 82C01-1310-FD-1122 |

**Kirsch, Judge.**

[1] Reko Deprea Levels was convicted after a jury trial of theft as a Class D felony,[1] adjudicated a habitual offender ,[2] and sentenced to six-and-a-half years executed. He appeals his conviction and sentence raising the following issues:

> I. Whether the trial court abused its discretion when it admitted footage and still photographs from the store's security cameras;

> II. Whether a police officer's statement to Levels that he would be willing to write Levels a conversion ticket if Levels gave the officer the stolen item constituted an enforceable plea agreement;

> III. Whether the State presented sufficient evidence to support Levels's conviction for theft; and

> IV. Whether Levels's sentence was inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] Sometime after midnight on October 5, 2013, Levels, his girlfriend, and his son entered a Phillips 66 store where Tiffany Smith ("Smith") was working as a cashier. Smith's cellphone was sitting on the counter because she was using its built-in calculator as part of her duties. After stepping away from the counter to

---

[1] *See* Ind. Code § 35-43-4-2(a). We note that, effective July 1, 2014, a new version of this criminal statute was enacted. Because Levels committed his crime prior to July 1, 2014, we will apply the statute in effect at the time he committed the crime.

[2] *See* Ind. Code § 35-50-2-8(a).

assist other customers, she returned to find that her cellphone was no longer on the counter. Smith called the police, and Officer Mark DeCamps ("Officer DeCamps") of the Evansville Police Department responded.

[4] Smith informed Officer DeCamps that she recognized Levels as one of the customers in the store at the time her phone was stolen. After getting in touch with the driver of the taxi that picked up Levels and his companions, Officer DeCamps went to Levels's home. He handcuffed Levels and, without advising him of his Miranda rights, began questioning him. During the course of the questioning, Officer DeCamps told Levels that if he produced the stolen phone, he would write Levels a ticket for conversion rather than arrest him for theft. Levels retrieved the phone and was released from custody.

[5] The State charged Levels with one count of theft as a Class D felony, and an additional count alleging that he was a habitual offender. Levels filed a motion to suppress, and an evidentiary hearing was held wherein Levels argued that his retrieval of the phone as well as any statements he made during the un-Mirandized interrogation should be suppressed. The trial court granted Levels's motion.

[6] At trial, the State presented evidence from the taxi driver that, as Levels and his companions entered the taxi, Levels said "if she didn't want her cell phone stolen, she shouldn't have left it on the counter and paid closer attention to it." *Tr.* at 20. Over Levels's objection, the State also introduced video footage and

still photographs from the store's thirteen security cameras that showed the man Smith identified as Levels taking her phone off the counter and leaving with it.

[7] At the conclusion of the trial, the jury found Levels guilty of theft and of being a habitual offender. Levels was sentenced to two-and-a-half years executed for theft, enhanced by four years for being an habitual offender. Levels now appeals.

# Discussion and Decision

## I. Admission of Security Camera Photos and Video

[8] The admission and exclusion of evidence falls within the sound discretion of the trial court, and we review the trial court's decision only for an abuse of discretion. *Bradford v. State*, 960 N.E.2d 871, 873 (Ind. Ct. App. 2012). An abuse of discretion only occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[9] Levels argues that the trial court abused its discretion when it allowed the State to present the footage and still photographs from the security cameras. He contends that the security footage and photos constituted fruits from the earlier un-Mirandized custodial interview and should, therefore, have been suppressed. Levels asserts that Officer DeCamps would not have requested the security camera footage had he not engaged in the un-Mirandized interview.

[10] The trial court suppressed the evidence that it deemed was the product of officer's interview, and there is nothing in the record before us to indicate that

the security camera footage and stills were obtained by exploitation of that interview. Rather, the trial court's decision to admit the challenged evidence was adequately based on routine police procedure, the victim's statements to police that the phone was stolen inside the store and that she recognized Levels as one of the customers present when the phone was stolen, and the taxi driver's testimony that Levels stated "if she didn't want her cell phone stolen, she shouldn't have left it on the counter and paid closer attention to it." *Tr.* at 20. The trial court's conclusion that the security camera footage and still photographs were not the result of the exploitation of illegal conduct was not clearly against the logic and effect of the facts and circumstances before it, and we conclude that the trial court did not abuse its discretion in admitting the evidence.

## II. Existence of a Plea Agreement

[11] Levels also contends that Officer DeCamps's offer to write him a ticket for conversion as a Class A misdemeanor allowing him to appear in court at a later time in exchange for Levels returning the stolen phone constituted a binding plea agreement and that, as a result, the trial court should have required the State to honor the terms of that agreement.

[12] We begin by noting that, although Levels referenced during pre-trial hearings the promises made by Officer DeCamps, at no point during trial did he raise the issue of enforcement of the purported plea agreement. "The failure to object at trial results in the waiver of an issue for purposes of appeal." *Bruno v. State,* 774

N.E.2d 880, 883 (Ind. 2002). Because Levels did not raise this issue at trial, we conclude he has waived it for purposes of appeal.

Waiver notwithstanding, he has no grounds to insist the State accept a guilty plea on a charge of conversion. Levels's characterization of Officer DeCamps's offer to write a ticket for conversion as being a promise to induce a guilty plea is misguided for two reasons. First, the offer made by Officer DeCamps was to retrieve the phone in exchange for a conversion ticket; it was not quid pro quo for a guilty plea. Second, Levels's decision to accept the conversion ticket rather than be arrested did not constitute a guilty plea; Levels was not asked to admit guilt in any formal or legal sense. We, therefore, conclude that the actions of Officer DeCamps did not constitute a binding plea agreement.

## III. Sufficiency of the Evidence

[13] When a defendant claims that the evidence presented at trial was insufficient to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; rather, we examine only the evidence most favorable to the judgment, together with all of the reasonable and logical inferences to be drawn therefrom. *Woods v. State*, 939 N.E.2d 676, 677 (Ind. Ct. App. 2010), *trans. denied*. A conviction may be sustained based on circumstantial evidence alone if that circumstantial evidence supports a reasonable inference of guilt. *Maul v. State*, 731 N.E.2d 438, 439 (Ind. 2000).

[14] Levels argues that the State did not present evidence sufficient to prove beyond a reasonable doubt that it was in fact Levels who took the phone. Levels's

claim rests on the contention that the footage and stills from the security cameras catching him committing the crime are inadmissible, a claim which we reject. Therefore, we conclude that the evidence presented by the State was sufficient to support Levels's conviction of theft as a Class D felony.

## IV. Appropriateness of the Sentence

At the time Levels was sentenced, the advisory sentence for a Class D felony is one-and-a-half years, with a minimum of six months and a maximum of three years. *Ind. Code* § 35-50-2-7. For the adjudication as a habitual offender, the court may enhance sentence the sentence on the underlying offense by an additional term not less than the advisory sentence for the offense, nor more than three times that advisory sentence. *Ind. Code* § 35-50-2-8. Appellate courts may revise a sentence after careful review of the trial court's decision if they conclude that the sentence is inappropriate based on the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). Even if the trial court followed the appropriate procedure in arriving at its sentence, the appellate court still maintains a constitutional power to revise a sentence it finds inappropriate. *Hope v. State*, 834 N.E.2d 713, 718 (Ind. Ct. App. 2005). The defendant has the burden of persuading the appellate court that his sentence is inappropriate. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). While the trial court is not afforded excessive deference, "we must and should exercise deference to a trial court's sentencing decision" in part because of the trial court's unique perspective on sentencing decisions. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

Levels argues that his sentence is inappropriate because he has children, his offense was non-violent, and he showed remorse. In addition, Levels suggests this court should reduce his sentence because the victim was without her phone for only five hours, she did not receive any phone calls during that time, and the phone was returned undamaged.

Without regard to the nature of the offense, consideration of Levels's character alone is dispositive. He has an extensive criminal history including multiple felony convictions spanning two states, including several violent felonies and a previous adjudication as a habitual offender. Levels's criminal record indicates he is a career criminal, and we, therefore, conclude his sentence of two-and-a-half years for the theft enhanced by four years for being a habitual offender is not inappropriate.

Affirmed.

Friedlander, J., and Crone, J., concur.