## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 17 2015, 9:50 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

John C. Bohdan
Allen County Public Defender's Office
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Htar Kyoo, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 17, 2015 <br><br> Court of Appeals Case No. 02A03-1405-CR-149 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable John F. Surbeck, Jr., Judge <br><br> Cause No. 02D05-1309-FB-158 |

**Kirsch, Judge.**

[1] Htar Kyoo ("Kyoo") appeals his conviction of rape as a Class B felony.[1] He presents one issue on appeal: whether the evidence presented at trial was sufficient to sustain his conviction.

[2] We affirm.

## Facts and Procedural History

[3] Kyoo, his wife, and his children lived in a two-bedroom home in Fort Wayne, Indiana with two other families. Most of the home's occupants slept communally on the floor of the living room. Kyoo, on the other hand, slept on a mattress in the basement. Except for those occasions when he asked his wife to join him in the basement, he slept there alone. On September 6, 2013, N.M., Kyoo's fifteen-year-old daughter decided to sleep in the basement. When Kyoo returned home from work late that night, his wife informed him his daughter was asleep downstairs, so Kyoo joined his wife and slept in the living room.

[4] The following night, N.M. again decided to sleep in the basement. Kyoo returned home late that night, drank either two or three beers, and went down to the basement to go to sleep. Kyoo got into bed with his sleeping daughter and began to fondle and caress her and ultimately began to have vaginal intercourse with her. N.M. woke up with Kyoo on top of her and his penis inside her vagina. She pushed him off of her and fled upstairs. Kyoo followed

---

[1] *See* Ind. Code § 35-42-4-1.

and returned with his wife (and N.M.'s mother) to the basement to have intercourse. The following morning, N.M. told her mother what happened and used her mother's phone to call the police. Kyoo was taken into custody later that day.

The State charged Kyoo with rape as a Class B felony, sexual misconduct with a minor as a Class B felony, and sexual misconduct with a minor as a Class C felony. At trial, Kyoo raised the defense of mistake of fact, alleging that he believed the woman he was having sex with was his wife, not his daughter. After having been instructed on mistake of fact, the jury found Kyoo guilty on all counts. At sentencing, the court merged the other two charges with the rape charge. Kyoo now appeals his conviction.

## Discussion and Decision

When a defendant claims that the evidence presented at trial was insufficient to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; rather, we examine only the evidence most favorable to the judgment, together with all of the reasonable and logical inferences to be drawn therefrom. *Woods v. State*, 939 N.E.2d 676, 677 (Ind. Ct. App. 2010), *trans. denied*. A conviction may be sustained based on circumstantial evidence alone if that circumstantial evidence supports a reasonable inference of guilt. *Maul v. State*, 731 N.E.2d 438, 439 (Ind. 2000). We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Collins v. State*, 822 N.E.2d 214, 218 (Ind. Ct. App. 2005).

Kyoo argues that the State did not present sufficient evidence to establish that he knew he was having sexual intercourse with his daughter. At trial, the State presented evidence that: (1) N.M. had slept in the basement the night before, *Tr.* at 139; (2) there was sufficient ambient light in the basement to see clearly, *Tr.* at 147; and (3) Kyoo had made prior inconsistent statements regarding the events on the night in question, *Tr.* at 252. From this evidence and the reasonable inferences therefrom, a jury could reasonably believe N.M.'s testimony over Kyoo's testimony and, therefore, conclude beyond a reasonable doubt that Kyoo knew he was sleeping with his daughter. Any argument that Kyoo's testimony ought to be believed over N.M.'s would amount to asking us to reweigh the evidence, which we may not do. We conclude that the evidence presented at trial was sufficient to support Kyoo's conviction.

Affirmed.

Friedlander, J., and Crone, J., concur.