## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 21 2016, 8:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Richard Walker
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffrey K. Mitchell, *Appellant-Defendant,* | September 21, 2016 |
| v. | Court of Appeals Case No. 48A02-1512-CR-2370 |
| | Appeal from the Madison Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable David Happe, Judge |
| | Trial Court Cause No. 48C04-1410-F3-1878 |

**Riley, Judge.**

## STATEMENT OF THE CASE

[1]  Appellant-Defendant, Jeffrey K. Mitchell (Mitchell), appeals his conviction for criminal confinement resulting in serious bodily injury, a Level 3 felony, Ind. Code § 35-42-3-3(a), and his adjudication as a habitual offender, I.C. § 35-50-2-8(a).

[2]  We affirm.

## ISSUE

[3]  Mitchell raises one issue on appeal, which we restate as follows:  Whether the State presented sufficient evidence beyond a reasonable doubt to sustain Mitchell's habitual offender adjudication.

## FACTS AND PROCEDURAL HISTORY

[4]  On October 21, 2014, the State filed an Information, charging Mitchell with Count I, battery resulting in serious bodily injury, a Level 5 felony; Count II, criminal confinement, a Level 3 felony, and Count III, invasion of privacy, a Class A misdemeanor.  On November 16, 2015, the State amended the Information by adding Count IV, a habitual offender enhancement.  The habitual offender allegation included three prior unrelated felonies:  a Class C felony battery under Cause No. 48D03-8811-CF-139, a Class C felony escape under Cause No. 48D03-9004-CF-59 (Cause 59), and a Class D felony criminal confinement under Cause No. 48D03-0109-DF-307 (Cause 307).  With respect to the escape conviction in Cause 59, the State alleged that the offense occurred

on April 27, 1990, with a subsequent conviction and sentencing on April 7, 1997.

[5] On December 3, 2015, the State filed a second amendment to the Information by amending the habitual offender Information. The amended habitual offender Information included only two of the previous three predicate offenses: the escape conviction in Cause 59 and the criminal confinement conviction under Cause 307.

[6] On December 1 through December 3, 2015, the trial court conducted a bifurcated jury trial. During Phase I of the jury trial, the jury found Mitchell guilty as charged on Counts I-III. In Phase II, the State introduced into evidence Exhibits supporting the predicate offenses of the amended habitual offender Information. Specifically, the State offered certified copies of the charging Information and sentencing order for the escape conviction under Cause 59, as well as fingerprints. The sentencing date for the escape conviction was listed as April 7, 1997. With respect to the criminal confinement conviction under Cause 307, the State introduced the charging Information, the amended charging Information, the sentencing order, the Chronological Case Summary, and two mugshots, as well as fingerprints. Mitchell offered no evidence in Phase II and did not give a closing statement. At the close of the evidence in Phase II, the jury found Mitchell guilty of being a habitual offender.

[7] On December 17, 2015, the trial court sentenced Mitchell to concurrent terms of sixteen years' incarceration for Count I and one year for Count III, as well as

a separate twenty year consecutive sentence for the habitual offender adjudication. On July 3, 2016, the trial court amended its sentencing order and merged Count I into Count II. The trial court sentenced Mitchell to sixteen years' incarceration on Count II, enhanced by twenty years due to the habitual offender adjudication, and a concurrent one-year sentence on Count III.

[8] Mitchell now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[9] Mitchell contends that the State failed to present sufficient evidence beyond a reasonable doubt to sustain Mitchell's habitual offender adjudication based on the escape conviction under Cause 59 because this conviction had been vacated on appeal.

[10] The standard of review for the sufficiency of a habitual offender enhancement is the same as for any other sufficiency claim. *Woods v. State*, 939 N.E.2d 676, 677 (Ind. Ct. App. 2010), *trans. denied*. Accordingly, a person is a habitual offender if the State proves beyond a reasonable doubt that he has two prior, unrelated felony convictions. I.C. § 35-50-2-8. To support a habitual offender finding, (1) the prior unrelated felony must be committed after sentencing for the first prior unrelated felony conviction; and (2) the offense for which the State seeks to have the person sentenced as a habitual offender must be committed after sentencing for the second prior unrelated felony conviction. I.C. § 35-50-2-8(f).

[11] We agree with Mitchell that his escape conviction in Cause 59 was reversed by this court in 1999 because we vacated his plea agreement for the escape charge; however, we also instructed the State to "retry Mitchell on the . . . escape [Count]." (Appellant's App. p. 308). Accordingly, on October 21, 1999, the State recharged Mitchell with the escape offense, to which he pled guilty on November 27, 2000. That same day, the trial court sentenced him to eight years' imprisonment, enhanced by twelve years based on a habitual offender adjudication.

[12] Although the sentencing date with respect to Mitchell's prior escape conviction is incorrect in the State's habitual offender charging Information, as amended, Mitchell did not object. Therefore, as Mitchell failed to preserve this error for our review, it is now waived. *See, e.g., Jackson v. State*, 712 N.E.2d 986, 988 (Ind. 1999) (the defendant is limited on appeal to the grounds advanced at the trial court and cannot raise new grounds for the first time on appeal). We conclude that the State's evidence in Phase II of the bifurcated jury trial was sufficient to establish Mitchell's habitual offender adjudication.

## CONCLUSION

[13] Based on the foregoing, we conclude that the State presented sufficient evidence beyond a reasonable doubt to sustain Mitchell's habitual offender adjudication

[14] Affirmed.

[15] Bailey, J. and Barnes, J. concur