## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 14 2018, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Philip R. Skodinski
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill., Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jermaine Doushion Munn, Jr., | September 14, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A-CR-82 |
| v. | Appeal from the St. Joseph Superior Court |
| State of Indiana, | The Honorable John Marnocha, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 71D02-1607-MR-6 |

**Bradford, Judge.**

# Case Summary

[1] On July 2013, Jermain Doushion Munn, Jr., a member of the Hot Heads gang, shot Ja'Rina Bailey while she was at a party with members of a rival gang. Bailey died from her injuries two days later. Munn was convicted of murder and was found to have committed the murder while a member of a criminal gang. Munn contends that there is insufficient evidence to sustain both his murder conviction and the criminal gang enhancement. Concluding that the evidence is sufficient, we affirm.

# Facts and Procedural History

[2] Late in the evening of July 20, 2013, an album-release party was taking place at a carwash in South Bend. Kursiten Dillard was sitting in her car when she heard what she at first thought were fireworks from behind her, but quickly learned were gun shots. An unidentified male stood in front of her car and returned fire. At some point, Dillard realized she had been shot in her left calf and tried to get to safety in a nearby building. Meanwhile, the disc jockey for the party looked outside when he heard shots and saw Bailey in the middle of the parking lot holding her stomach. He picked her up and headed toward the street, where he found a friend to take them to the hospital.

[3] Earlier in the day, Munn had received a call that Justin Stewart was at the carwash. Stewart was a member of a rival gang, the Brothers of Destruction

("BOD").[1] Munn was picked up by Brandon James and Cornell Taylor at about 11:00 p.m. on July 20, 2013. James took them to the gas station across the street from the carwash, where they saw Bailey. Before Munn and Taylor got out of the car, Munn showed James a Ruger 9mm handgun.

[4] When James saw Munn the next day, Munn said he shot the Ruger 9mm at the carwash the night before where Bailey had been shot. Munn said he "came out shooting" when he got to the carwash. Tr. Vol. III p. 49. Munn told several other people while he was in jail that he shot first and that he used a 9mm in the shooting. Bullet casings and projectiles recovered from the crime scene indicate that there were at least two guns fired: a 9mm and a .380 automatic. Munn also said that he had been aiming for Stewart from the BODs and hit Bailey mistakenly because she was in the way.

[5] On July 22, 2013, Bailey died from the gunshot wounds she sustained on July 20, 2013. According to the medical records, the bullet entered Bailey near her left rear hip. The bullet then hit her pelvic bone and deflected before exiting near her lower abdomen. Bailey's colon was severed, her right kidney and left ovary hemorrhaged, her pelvic bones on the left side were splintered and perforated, and her iliac blood vessels were severed or otherwise damaged. Bailey's cause of death was blood loss.

---

[1] Stewart had been the target of an earlier shooting as well.

[6]     In order to avoid being caught with the gun used in the shooting, Munn and his sister went to Chicago to exchange the gun for a Tek 9. Munn admitted that he went to Chicago with his sister and a friend shortly after Bailey's death and Munn's sister's mobile phone confirmed that she went to Chicago on July 23, 2013. Several days later, on July 28, 2013, Munn's cousin was found with a Tek 9 in his backpack.

[7]     On July 11, 2016, the State charged Munn with Bailey's murder. On January 13, 2017, the State filed a sentencing enhancement alleging that Munn was part of a criminal gang and that Bailey's murder was committed in connection with Munn's gang membership. A jury trial was held in two phases between October 27, 2017, and November 2, 2017.

[8]     During the first phase of the trial, several of the State's witnesses were inmates, most of whom only knew Munn from when they were incarcerated together. Sergeant David Dombrowski testified that in July of 2013, Munn was a member of the Hot Heads Gang. Sergeant Dombrowski also testified that Munn's tattoo of a Roman numeral three under his right eye was an indication of membership in the Black Disciples gang, which is affiliated with the Hot Heads. Furthermore, a letter Munn wrote while he was in jail contained symbols associated with the Hot Heads. Sergeant Dombrowski also testified

that in 2013, the Hot Heads were feuding with BOD and Stewart was a member of BOD.[2]

[9] The jury found Munn guilty of the murder and also found that Munn was a member of a criminal gang and committed the murder in affiliation with the gang. On December 12, 2017, Munn was sentenced to sixty-five years of incarceration, enhanced another sixty-five years by the criminal-gang finding.

# Discussion and Decision

[10] Munn challenges the sufficiency of the evidence to support his murder conviction and the criminal-gang enhancement. Our standard for reviewing sufficiency of the evidence claims is well-settled. *Tobar v. State*, 740 N.E.2d 109, 111 (Ind. 2000).

> In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the verdict. We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. This evidence need not overcome every reasonable hypothesis of innocence; it is

---

[2] Before the shooting at the carwash, there was another shooting between BOD and the Hot Heads the same night.

> sufficient so long as an inference may reasonably be drawn from it to support the verdict.

*Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012) (internal citations and quotations omitted). The trier of fact is responsible for resolving conflicts of testimony, determining the weight of the evidence, and evaluating the credibility of the witnesses. *Jones v. State*, 701 N.E.2d 863, 867 (Ind. Ct. App. 1998). The standard of review for a challenge to the sufficiency of a sentencing enhancement is the same as other sufficiency matters. *Woods v. State*, 939 N.E.2d 676, 677 (Ind. Ct. App. 2010), *trans. denied*.

## I.   Murder Conviction

[11]   The State presented ample evidence that Munn murdered Bailey at the car wash. On July 20, 2013, at approximately 11:00 p.m., Munn was dropped off across the street from the scene of the murder with a Ruger 9mm. 9mm rounds were found by the police approximately an hour later when they responded to reports of shots fired at the carwash. Munn admitted he was involved with the shooting at the carwash. Munn also admitted that he knew Stewart would be at the carwash and he had intended to shoot him, not Bailey. While incarcerated, Munn repeated his confession, on separate occasions, to Darius Eassson, Andrew Pittman, Marcus Betts, Thomas Hamlet, Javon Crockett-Berry, Timothy Whitfield, and DeShawn Jeans. Munn specifically admitted that he was shooting a 9mm gun and that he shot first. The State also presented evidence that Munn wrote affidavits for his sister and another witness to recant their testimony implicating Munn. The State presented the jury with those

affidavits and evidence that Munn's fingerprints were on one of the affidavits. Based upon all of the evidence in the record, there was sufficient evidence for the jury to find that Munn murdered Bailey.

[12] Munn's claim that the evidence was insufficient is based upon the fact that the majority of the evidence came from inmates seeking a benefit for their testimony. Specifically, those inmates testified about their conversations with Munn and his confessions to them. The jury, however, was aware that the witnesses were incarcerated and that some witnesses received or hoped to receive a benefit for their cooperation. Nevertheless, the jury determined that their testimony was worthy of credit. Munn's request is merely a request for the court to reevaluate the credibility of the witnesses, which we will not do. *See Amos v. State*, 896 N.E.2d 1163, 1171 (Ind. Ct. App. 2008) (sufficient evidence existed to prove defendant was the shooter where the evidence was testimony from an inmate to whom the defendant confessed).

## II. Criminal Gang Activity

[13] Munn argues that there was insufficient evidence to support the application of the sentencing enhancement for criminal-gang activity. A mandatory additional term of imprisonment equal to the underlying term of imprisonment is imposed if the State proves beyond a reasonable doubt that the person knowingly or intentionally was a member of a criminal gang while committing the offense and committed the offense at the direction of the criminal gang or in

affiliation with a criminal gang. Ind. Code § 35-50-2-15(a), -15(b) (2013).[3] There is no language of specific intent in the criminal gang affiliation sentence enhancement statute. All the State was required to prove beyond a reasonable doubt was that Munn was a member of a criminal gang while committing the offense and that he committed the murder at the direction of or in affiliation with the Hot Heads. Evidence that a person is a member of a criminal gang and committed a felony at the direction of a criminal gang may include particular conduct or practices of particular criminal gangs or descriptions of rivalries, characteristics, and customs of persons who are members. Ind. Code § 35-50-2-15(g) (2013).

[14] The State produced evidence that Munn was a member of Hot Heads and Stewart, the intended target, was a member of BOD. Sergeant Dombrowski identified Stewart as a member of BOD. There was also evidence of ongoing conflict and a shooting between the two gangs earlier on the night of July 20, 2013. Furthermore, Munn admitted to people in jail that he was "beefing with a [BOD]" on the night in question. Tr. Vol. IV p. 57. We find that a reasonable jury could infer from this evidence that Munn was motivated by his gang affiliation when he shot and killed Bailey, even if she was not the intended target. Consequently, we conclude that the State produced sufficient evidence to sustain the criminal-gang enhancement.

---

[3] It should be noted that the language of the statute has slightly changed since 2013.

The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.