ATTORNEY FOR APPELLANT

Mark D. Johnson
Allen & Johnson, LLC
Salem, Indiana

ATTORNEY FOR APPELLEE

Matthew J. McGovern
Anderson, Indiana



FILED

Jun 01 2016, 12:17 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 13S01-1601-DR-00053

DAVID P. ALLEN,

*Appellant (Petitioner below),*

v.

KIMBERLY W. ALLEN,

*Appellee (Respondent below).*

Appeal from the Crawford Circuit Court, No. 13C01-0201-DR-00009
The Honorable Kenneth Lynn Lopp, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 13A01-1411-DR-00476

**June 1, 2016**

**David, Justice.**

This case presents the question of whether a trial court may order that divorced parents be obligated to pay the graduate or professional school expenses of their adult children pursuant to the Indiana child support statutes. While the statutory provision at issue provides for payment of "postsecondary" educational expenses, the term postsecondary is undefined. Today we hold that the term "postsecondary," as used in the provision permitting an award for postsecondary educational expenses, does not include graduate or professional school expenses.

**Facts and Procedural History**

David Allen (Father) and Kimberly Allen (Mother) divorced in 2002. The parties agreed to share custody of their two children, with Father paying child support to Mother. The parties' settlement agreement and dissolution decree did not provide for payment of college expenses. In 2010, the parties agreed to an order whereby basic child support for their daughter, Hunter, was terminated, Father became responsible for Hunter's undergraduate educational expenses, and Mother became responsible for providing Hunter's health insurance.

In 2013, shortly before Hunter's 21st birthday, when Hunter was a senior at Indiana University, Father petitioned the court for modification of the agreed order. Father advised the court that Hunter was considering post-graduate education in dental school and Father requested, among other things, an order regarding Hunter's graduate educational expenses. Specifically, he sought to have Hunter's dental school expenses apportioned between him and Mother.

The trial court held two evidentiary hearings and entered an order in October 2014. With regard to Hunter's educational needs, the trial court found that Hunter graduated from IU with a degree in biology with highest distinction and that she scored in the 97th percentile on the Dental School Admission Test. It further found that Hunter was accepted into the IU dental school, where the expenses of attending are approximately $75,000 annually and that she had started attending summer classes at the IU dental school to begin her graduate education.

As for the parents' financial situations, the trial court found that Mother had assets of approximately $843,000 and a weekly income of approximately $1,700. It found that Father had a net worth of over $2 million and access to significant real property, personal property, bank accounts and business interests. It also found that while Father earned approximately $101,000 in 2013, he was capable of generating approximately $4,600 per week. Accordingly, the trial court ordered that the 2010 agreement between the parties was to remain in effect. Thus, Father is responsible for the cost of dental school for Hunter (less any contribution from Hunter through grants, scholarship, loans, etc.) and Mother is responsible for Hunter's health insurance.

2

Father appealed, arguing, among other things, that the trial court erred in not determining each parent's presumptive share of educational expenses according to the Child Support Guidelines. Mother cross-appealed, arguing that the trial court did not have statutory authority to enter an educational award for graduate school expenses. The Court of Appeals reversed, agreeing with Father that the trial court erred by essentially making Father liable for all dental school expenses that Hunter does not otherwise cover. Allen v. Allen, No. 13A01-1411-DR-00476, Slip. Op. *7-8 (Ind. Ct. App. July 24, 2015). It rejected Mother's cross-appeal argument that the trial court lacks authority to order parents to pay for their child's graduate school expenses. Id. at *6. The Court of Appeals remanded the matter to the trial court for an order that apportions dental school expenses between Father, Mother and Hunter. Id. at *8.

The Court of Appeals denied Mother's petition for rehearing. Mother then sought transfer, which we granted, thereby vacating the opinion below. See Ind. Appellate Rule 58(A).

**Standard of Review**

This matter turns on defining the term "postsecondary" in the relevant child support statute. Questions of statutory interpretation are questions of law and are reviewed *de novo.* Pinnacle Properties Dev. Grp., LLC v. City of Jeffersonville, 893 N.E.2d 726, 727 (Ind. 2008).

**Discussion**

Mother argues, as a matter of first impression, that a trial court has no statutory authority to order either parent to pay any portion of a child's graduate school expenses. The relevant statute provides:

> The child support order or an educational support order may also include, where appropriate:
> (1) amounts for the child's education in elementary and secondary schools and at *postsecondary educational institutions*, taking into account:
> > (A) the child's aptitude and ability;
> > (B) the child's reasonable ability to contribute to educational expenses through:
> > > (i) work;
> > > (ii) obtaining loans; and

3

> > > (iii) obtaining other sources of financial aid reasonably available to the child and each parent; and
> >
> > (C) the ability of each parent to meet these expenses

Ind. Code § 31-16-6-2 (2007) (emphasis added).

The primary goal when interpreting a statute is to effectuate the legislative intent; "an unambiguous statute needs no interpretation, and courts must give effect to the plain and ordinary meaning of the language." State v. I.T., 4 N.E.3d 1139, 1143 (Ind. 2014) (internal quotations omitted). However, "when a statute is susceptible to more than one interpretation, it is deemed ambiguous and is thus open to judicial construction." In re Howell, 27 N.E.3d 723, 726 (Ind. 2015). Additionally, courts will not read into a statute that which is not the expressed intent of the legislature. N.D.F. v. State, 775 N.E.2d 1085, 1088 (Ind. 2002).

"Postsecondary" is a term that is not defined in the statute, and as evidenced by the parties' arguments, it can be interpreted in two different ways: as including graduate and professional school expenses or as not including graduate and professional school expenses. Thus, the statute is subject to judicial interpretation.

"The legislative definition of certain words in one statute, while not conclusive, is entitled to consideration in construing those same words in another statute." State Bd. of Accounts v. Indiana Univ. Found., 647 N.E.2d 342, 347-348 (Ind. Ct. App. 1995), trans. denied. While the term postsecondary is not defined in the family law and juvenile law titles of the Code, it is defined in the higher education title. In that title, "approved postsecondary educational institution" refers to a "postsecondary educational institution that operates in Indiana and. . . provides an organized two (2) year or longer program of collegiate grade directly creditable toward a baccalaureate degree[.]" Ind. Code § 21-7-13-6(a)(1)(A).

This definition clearly excludes graduate and professional school as it defines postsecondary education as "an organized two (2) year or longer program of collegiate grade directly creditable toward a baccalaureate degree[.]" Ind. Code § 21-7-13-6(a)(1)(A). A professional or graduate degree is earned after a baccalaureate degree has already been earned and thus, professional or graduate programs would not be credible towards a baccalaureate degree.

4

This definition does not purport to apply generally outside of Title 21. However, several statutes outside of Title 21 explicitly incorporate this definition. For example:

1) Ind. Code § 35-50-6-3.3(a)(3)(C),(D) (criminal statute providing credit time for offenders who obtain an associate's or bachelor's degree at an "approved postsecondary educational institution" as defined by Ind. Code § 21-7-13-6(a));

2) Ind. Code § 6-8.1-7-1(d) (statute allowing Department of State Revenue to provide certain information about those delinquent in paying educational loans to an "approved postsecondary educational institution" as defined by Ind. Code § 21-7-13-6(a));

3) Ind. Code § 12-7-2-16 (human services statute providing that "approved postsecondary educational institution" has the meaning set forth in Ind. Code § 21-7-13-6(a)); and

4) Ind. Code § 16-18-2-22 (health statute providing that "approved postsecondary educational institution" has the meaning set forth in Ind. Code § 21-7-13-6(a)).

While the statutory provision at issue (Ind. Code § 31-16-6-2) does not incorporate the definition of postsecondary educational institution found in Ind. Code § 21-7-13-6(a), this definition is used throughout the Code and thus, informs our interpretation.

The Court of Appeals declined to read a prohibition against inclusion of graduate school expenses into the statute. It stated that the Legislature was free to enact such a limit but did not do so. However, on the other hand, the Legislature could have included the terms graduate or professional school in the statutory language, used clearer phrasing or defined postsecondary, but it did not do so. Also, in 2007, the Legislature amended Ind. Code § 31-16-6-2 by replacing the phrase "institutions of higher learning" with "postsecondary educational institutions." P.L. 1-1997, Sec. 8; P.L. 2-2007, Sec. 361. This amendment, and its use of a more limited phrase, may have been intended to limit a parent's potential educational support obligation to undergraduate or trade school programs; that is, those programs that would be entered immediately following attainment of a high school diploma or its equivalent.[1]

---

[1] Indeed, while we hold that the statutory language excludes professional and graduate programs, it is not our intent to limit the trial court's ability to order divorced parents to pay for education that is less than a baccalaureate degree. For instance, trial courts can still enter educational orders for divorced parents to pay

5

Furthermore, when looking at the child support statutes as a whole, it is not clear that the Legislature intended the term "postsecondary" to embrace *any and all* education after high school. Instead, recent amendments to the child support statutes reveal the Legislature's intent to limit parental financial obligations after children reach the age of majority. For instance, effective July 1, 2012, the Legislature amended Indiana Code § 31-16-6-6, which lowered the presumptive age for termination of child support from 21 to 19 years old. Turner v. Turner, 983 N.E.2d 643, 646 (Ind. Ct. App. 2013).

Similarly, Ind. Code §§ 31-16-6-6 (c) and (d) allow a parent or child to file a petition for educational needs until the child becomes 21 (for orders prior to July 1, 2012) or 19 (for orders issued after June 30, 2012). These provisions address the *timing* for petitioning for an award of educational expenses and do not explicitly contain a more substantive limitation. However, because the age limits for filing a petition mirror the presumptive age for termination of support and a child would typically not yet be in graduate school before reaching age 19 or 21, the provisions evidence a temporal limitation for payment of educational expenses that does not include education beyond a baccalaureate degree.

We note that Indiana is one of the few states that even has a statute providing for the educational expenses of children once they have reached the age of majority. Most states have no statutes or case law requiring that divorced parents provide for college expenses absent an agreement to do so.[2] Of the states that do allow for payment of college expenses, the majority of those states limit payment of such expenses to a certain age, thus precluding a requirement that a parent pay for graduate or professional school expenses or even a second baccalaureate degree.[3]

---

for their children's trade school or associate's degrees. This opinion is only meant to limit payment of educational expenses beyond a baccalaureate degree.

[2] See Madeline Marzano-Lesnevich, Scott Adam Laterra, Child Support and College: What Is the Correct Result?, 22 J. Am. Acad. Matrim. Law. 335, 339 (2009); National Conference of State Legislatures, *Termination of Support-College Support Beyond the Age of Majority*, http://www.ncsl.org/research/human-services/termination-of-support-college-support.aspx (last visited May 31, 2016) (providing state-by-state chart of statutes and case law regarding the duty to provide college support).

[3] For instance, Connecticut limits educational expenses to age 23 (Conn. Gen. Stat. Ann. § 46b-56c(a)); Iowa limits to 22 (Iowa Code Ann. § 598.1(8)); Massachusetts limits to 23 (Mass. Gen. Laws Ann. ch. 208, § 28); and Washington limits to 23 (absent exceptional circumstances), (Wash. Rev. Code Ann. § 26.19.090(5)).

If postsecondary is interpreted to include all education after high school, including graduate and professional degrees, this position would put Indiana in the minority of the minority on this issue nationwide.

We also note that married parents have no legal obligation to pay for their children's educational expenses beyond high school, let alone graduate school expenses. Thus, while this Court certainly understands and values the amount of discretion we give our trial judges, particularly in family law matters, we do not believe that it is the court's province to order a divorced parent to pay for a child's graduate or professional school under the statutory language as written, without clear instruction and guidance from the Legislature that it intends to confer this significant authority and discretion on the courts. Of course, even though we interpret the statute to exclude graduate and professional school expenses, this does not leave children seeking to have their divorcing or divorced parents assist them with their graduate and professional school expenses without a remedy. Parents are still free to agree to pay all, or a portion of, their children's graduate or professional school expenses in their settlement agreements. The courts can enforce such agreements.

**Conclusion**

We hold that the term "postsecondary," as used in Ind. Code § 31-16-6-2, does not include graduate or professional school expenses, particularly in light of other action by the Legislature that limits parents' financial obligations to their adult children, and the fact that an interpretation including graduate and professional school expenses would make Indiana an outlier on this issue without a clear expression by the Legislature that it intends that result. We therefore reverse the trial court's order that Father pay the costs of his daughter, Hunter's, dental school.

Rush, C.J., Rucker, and Massa, J.J., concur.

7