**FILED**

Apr 19 2017, 8:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Brian J. Johnson | Curtis T. Hill, Jr. |
| Danville, Indiana | Attorney General of Indiana |
| | Justin F. Roebel |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew L. Johnson, | April 19, 2017 |
| *Appellant-Defendant,* | Court of Appeals Case No. 32A05-1604-CR-703 |
| v. | Appeal from Hendricks Superior Court. |
| | The Honorable Mark A. Smith, Judge. |
| State of Indiana, | Cause Nos. 32D04-1508-F2-18, 32D04-1507-F4-18 |
| *Appellee-Plaintiff.* | |

**Shepard, Senior Judge**

[1]     New legislation limits the use of lower-level felony convictions in determining whether a new crime can be sentenced under the habitual offender scheme. We apply our best reading of these recent amendments to the case of appellant Matthew L. Johnson.

## Facts and Procedural History

Johnson brings this interlocutory appeal from the trial court's order denying his objection to habitual felony offender enhancement charges. The State has charged Johnson under two cause numbers. One case alleges seven felonies that range from Level 2 to Level 6. The other alleges three felonies, ranging from Level 4 to Level 6. The State filed identical habitual offender allegations in each cause. The habitual allegation was that Johnson had been convicted of Class D felonies in 2001, 2005, 2006, and 2008. Johnson objected to the habitual counts on grounds that under new legislation all lower-level felonies must have occurred during the last ten years. The trial court overruled his objection, and certified this new question of criminal law for interlocutory appeal.

## Analysis

This novel sentencing question requires statutory interpretation, and as such presents a question of law reviewed de novo. *Sloan v. State*, 947 N.E.2d 917 (Ind. 2011). The primary goal of statutory interpretation is to effectuate legislative intent. *Allen v. Allen*, 54 N.E.3d 344 (Ind. 2016). In criminal cases, where we are attempting to fulfill legislative intent, we also incorporate the rule of lenity—interpreting the statute in the defendant's favor to the extent the language can provide such support. *Day v. State*, 57 N.E.3d 809 (Ind. 2016).

[4]     Indiana's provisions on enhancing standard sentences for felonies have evolved over time from a statute that was both strict and simple, to the versions before us in this case.

[5]     The original version of the habitual charge said rather straightforwardly:

> The state may seek to have a person sentenced as an habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions. A person who is found to be an habitual offender shall be imprisoned for an additional fixed term of thirty (30) years, to be added to the fixed term of imprisonment imposed under section 3, 4, 5, 6, or 7 of this chapter. Ind. Code § 35-50-2-8; P.L. 340-1977, SEC. 121.

[6]     Our supreme court resolved a challenge to the definition of "unrelated," making clear in *Erickson v. State*, "The term 'unrelated felony' does not mean a felony of unlike kind, but [rather] not related to the instant felony in the sense that it is not connected to it as part of the *res gestae* of the instant crime." 438 N.E.2d 269, 273 (Ind. 1982). If so, the trial court was directed to add a flat thirty years to whatever sentence it imposed for the current crime.

[7]     Subsequent versions of the habitual offender law authorized trial courts to add fewer than the thirty-year standard term. Beginning with Public Law 210-1980, SEC. 1, courts were given discretion to reduce the thirty-year habitual offender term by up to twenty-five years if ten years or more had elapsed since the offender was discharged from probation, imprisonment, or parole for the last prior unrelated felony conviction and the date he committed the instant felony offense.

[8] Later, in 1985, the statute was amended to provide further deductions from the flat thirty-year enhancement. Public Law 328-1985, SEC. 2, amended the statute to provide that if at least one of the prior unrelated offenses was a Class D felony, then the trial court could subtract up to ten years from the additional fixed term. If the instant offense for which the defendant was being sentenced was also a Class D, then the court was permitted to subtract up to twenty years from the additional fixed term. *Id.* However, if the offender was found to be an habitual offender, the court was required to sentence the offender to at least an additional fixed term of five years. *Id.* Additional amendments to the statute in Public Law 1-1990, SEC. 353, led to the same sentencing result.

[9] Further amendment led to capping the habitual add-on at a proportion of the maximum sentence for which the instant felony could result. For instance, Public Law 165-1993, SEC. 13 provided that the sentence for an habitual offender finding would be "not less than the presumptive sentence for the underlying offense nor more than three (3) times the presumptive sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years."[1]

[10] The most recent amendments likewise reflect a continuation of the policy trend evidenced in the changes we have just mentioned. In general, lower level prior

---

[1] In contrast, nonetheless, the statute was amended in Public Law 140-1994, SEC 14., to include a provision for life imprisonment for those defendants found to be violent habitual criminals for committing certain statutorily defined offenses, comprising the underlying offense and the prior unrelated offenses. That provision of the statute was later deleted. P.L. 306-1995, SEC.1.

felonies are less forceful in habitual calculation. And, pertinent to this case, there are time limits on how distant they can be from the instant offense.

[11] The current rule for Murder and Level 1-4 felonies, for example, is that a defendant is an habitual offender if the State proves beyond a reasonable doubt that the offender has been convicted of two prior unrelated felonies and at least one of the prior unrelated felonies is not a Level 6 felony or Class D felony. Ind. Code § 35-50-2-8 (2015).

[12] For Level 2 to Level 4 felony offenses, the State must prove beyond a reasonable doubt that the person has been convicted of two prior unrelated felonies of which at least one is not a Level 6 or Class D felony. Similarly, for a Level 5 felony, the State must prove beyond a reasonable doubt that the person has been convicted of two prior unrelated felonies, at least one of which is not a Level 6 or Class D felony; however, if one of the alleged prior unrelated felonies is a Level 5 or 6, or Class C or D felony, not more than ten years must have elapsed between the time the person was released from imprisonment, probation or parole, whichever is latest, and the time the person committed the current offense. Ind. Code § 35-50-2-8(c).

[13] A number of Johnson's felony offenses are at Level 6, and the version of the statute that was in effect at the time of the July 31, 2015 offenses read as follows:

> (d) A person convicted of a felony offense is a habitual offender if the state proves beyond a reasonable doubt that:

(1) the person has been convicted of three (3) prior unrelated felonies; and

(2) if the person is alleged to have committed a prior unrelated:

(A) Level 5 felony;

(B) Level 6 felony;

(C) Class C felony; or

(D) Class D felony;

not more than ten (10) years have elapsed between the time the person was released from imprisonment, probation, or parole (whichever is latest) and the time the person committed the current offense.

Ind. Code § 35-50-2-8 (d) (2015).[2]  The only difference between the prior version of the statute, applicable to the May 27, 2015 offenses, and the version applicable to the July 31, 2015 offenses, is the replacement of "a Level 6 offense" for "a felony offense."  *Compare* Ind. Code § 35-50-2-8(d) (2014) *with* Ind. Code § 35-50-2-8(d) (2015).

[14] Johnson's position has been that the statute requires that *each* lower level unrelated felony conviction meet the ten-year requirement.

---

[2] Here, there was an amendment to the habitual offender enhancement statute effective July 1, 2015. Johnson's underlying offenses straddle that date, although the amendment does not appear to affect our analysis.  An habitual offender finding determines an offender's status, which is attached to the underlying crime. *Grundy v. State*, 38 N.E.3d 675 (Ind. Ct. App. 2015), *trans. denied*.  An habitual offender finding is "an enhancement of the sentence for the underlying crime to which it is attached." *Bauer v. State*, 875 N.E.2d 744, 747 (Ind. Ct. App. 2007), *trans. denied*.  Further, the sentencing statutes in effect at the time the defendant committed the offense govern the defendant's sentence. *Marley v. State*, 17 N.E.3d 335 (Ind. Ct. App. 2014), *trans. denied*.

[15]  The State has argued that only one of the prior unrelated felony convictions need fall within the ten-year period in order to proceed with all of the allegations of the habitual offender determination. It focuses on the statutory language of (d)(2)—if the person is alleged to have committed *__a prior unrelated__* Level 5 or 6, or Class C or D felony. Appellant's App. p. 61. The State has further argued that the statute "only requires that *a conviction* (or released from imprisonment probation or parole) be within in[sic] ten (10) years." *Id.*[3]

[16]  The actual words of the statute do not actually mandate either of these outcomes in any visible way.

[17]  We conclude that the long-term visible policy has turned on two kinds of changes: (1) reducing the impact of prior offenses of lower rank, and (2) reducing the impact of convictions entered quite some years ago. Put another way, the general thrust is that individuals who committed lesser offenses and then stayed clean for long periods do not face enhancements of the same severity as under habitual statutes in their earlier form.[4]

---

[3] On appeal, the State reframes the argument as the statute only requires "one of the lower level unrelated felonies to have occurred—or be subject to prison, probation, or parole—within the last ten years." Appellee's Br. p. 8.

[4] While the sentencing law in effect at the time of the commission of the crime governs the outcome of a sentencing issue, our legislature has just recently voted to amend the habitual statute in a way that actually could explicitly alter the code to permit limited use of older convictions. The Governor signed the bill on March 29, 2017, with an effective date of July 1, 2017. P.L. 12-2017 (H.E.A. 1064). Of course, we resolve Johnson's appeal under the plain language of the current statute.

[18] Thus, consistent with this apparent trend in legislative policy and with the rule of lenity, we interpret the statute to work as follows: convictions from which the offender was released more than ten years before the current offense do not count for habitual purposes under section 8(d). Those from which the offender was released less than ten years before the current offense do count for habitual purposes.

[19] It is apparent that one or another of the offenses alleged in the habitual count are not available for one or more of Johnson's ten current felonies. Thus, as this matter returns to the trial court, it will be necessary to examine each of the priors as eligible for habitual purposes as respects each of the ten current charges. This analysis will also necessitate an examination of an issue already recognized by the trial court—the dates upon which Johnson was released from each of his prior offenses.

## Conclusion

[20] We reverse the trial court's order overruling Johnson's objection to the habitual offender enhancement charges and remand for review consistent with this opinion.

[21] Reversed and remanded.

Robb, J., and Barnes, J., concur.