## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 27 2017, 8:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Stephen Miller
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Darryl L. Calvin, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 27, 2017 <br><br> Court of Appeals Case No. <br> 02A03-1701-CR-93 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable John F. Surbeck, Jr., Judge <br><br> Trial Court Cause No. <br> 02D06-1604-F4-30 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Darryl L. Calvin (Calvin), appeals his conviction for burglary, a Level 4 felony, Ind. Code § 35-43-2-1; and his adjudication as an habitual offender, I.C. § 35-50-2-8(a).

We affirm.

# ISSUE

Calvin raises one issue for our review, which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to support his adjudication as an habitual offender.

# FACTS AND PROCEDURAL HISTORY

On April 7, 2016, the State charged Calvin with a Level 4 felony burglary. On August 19, 2016, the State filed a notice of intention to seek an habitual offender enhancement, alleging that Calvin had two prior unrelated Class 1 felony residential burglary convictions from the State of Illinois. On November 29 through November 30, 2016, the trial court conducted a bifurcated jury trial. At the conclusion of the evidence, the jury found Calvin guilty of the burglary charge. During the bifurcated hearing, the State presented evidence establishing that Calvin had been convicted in Illinois on December 30, 1992, of two Counts of Class 1 felony residential burglary and one Count of Class 2 felony attempted residential burglary. Calvin had also been convicted in Illinois on October 13, 1999, of one Count of Class 1 felony residential burglary. At the close of the hearing, the jury returned a guilty verdict on the habitual offender charge. On

December 16, 2016, the trial court, finding no mitigating circumstances, imposed a six-year sentence on the burglary charge, enhanced by ten years for the habitual offender adjudication, for an aggregate sentence of sixteen years.

[5] Calvin now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[6] Calvin contends that the State presented insufficient evidence establishing that at least one of Calvin's two prior unrelated felonies for purposes of the habitual offender statute is not a Level 6 felony or a Class D felony.

[7] Our standard of review in claims of insufficient evidence is well settled: we neither reweigh the evidence nor judge the credibility of the witnesses, and we consider only the evidence most favorable to the verdict and the reasonable inferences that can be drawn from this evidence. *Knight v. State*, 42 N.E.3d 990, 993 (Ind. Ct. App. 2015). We will not disturb the jury's verdict if substantial evidence of probative value supports it. *Id*. As an appellate court, we respect the jury's exclusive province to weigh conflicting evidence. *Id*.

[8] The habitual offender statute provides, in relevant part, that

> A person convicted of murder or of a Level 1 through Level 4 felony is a habitual offender if the state proves beyond a reasonable doubt that:
>
> (1) the person has been convicted of two (2) prior unrelated felonies; and

> (2) at least one (1) of the prior unrelated felonies is not a Level 6
> felony or a Class D felony.

I.C. § 35-50-2-8(b).

For purposes of the habitual offender statute, a Level 6 felony conviction means "a conviction, in any other jurisdiction at any time, with respect to which the convicted person might have been imprisoned for more than one (1) year." I.C. § 35-50-2-1(a)(2).

[9] To support its habitual offender enhancement, the State presented evidence that Calvin had been previously convicted in the State of Illinois. On December 30, 1992, Calvin was convicted of a Class 1 felony residential burglary for which he received a thirteen-year sentence, and on October 13, 1999, Calvin was found guilty of a Class 1 felony residential burglary and received a twenty-eight-year sentence.

[10] Calvin does not dispute the existence or application of the two Illinois convictions as predicates for the habitual offender enhancement; rather, Calvin contends that the State, by merely establishing that he had been imprisoned in both previous convictions for more than one year, only showed that both prior convictions were Level 6 felonies for purposes of the Indiana habitual offender statute. As such, Calvin maintains, the State failed its burden that "at least one of the prior unrelated felonies is not a Level 6 felony or a Class D felony." *See* I.C. § 35-50-2-8(b).

[11] We agree that pursuant to I.C. § 35-50-2-8(b), both of Calvin's Illinois' convictions are considered Level 6 or Class D felonies for habitual offender purposes because they are convictions from a court other than an Indiana court for which Calvin has been sentence to more than one year. However, as pointed out by the State, ending our evaluation there would lead to absurd results: "[u]nder [Calvin's] argument, crimes of any level, including the most serious of crimes such as murder and rape, are treated as though they are of the lowest level of felony offenses simply because they occurred across the state line." (Appellee's Br. p. 14). Thus, by qualifying every out-of-state conviction at the highest as a Level 6 felony, an out-of-state criminal history is rendered meaningless for purposes of the habitual offender schedule. As such, out-of-state offenders would be treated substantially more favorable than in-state offenders. Accordingly, the Legislature could not have intended to treat all foreign convictions with a sentence of more than one year as a Level 6 felony. *Glotzbach v. State*, 783 N.E.2d 1221, 1227 (Ind. Ct. App. 2003) (the Legislature is presumed to have intended that the language used in the statute is applied logically and not bring about an unjust or absurd result).

[12] In recent years, the habitual offender statute has undergone some significant amendments. *See Johnson v. State*, --- N.E.3d ---- (Ind. Ct. App. Apr. 19, 2017) (petition for transfer pending). Throughout these changes, the Legislature's visible policy turned on two prongs: (1) reducing the impact of prior offenses of lower rank, and (2) reducing the impact of convictions entered quite some years ago. *Id*. "Put another way, the general thrust is that individuals who

committed lesser offenses and then stayed clean for long periods do not face enhancements of the same severity as under habitual statutes in their earlier form." *Id.* Because the habitual offender statute differentiates the level of enhancement based on the seriousness of the offender's prior offenses, the Legislature cannot have intended to treat all foreign convictions at a single, lowest level for Indiana's habitual offender purposes.

[13]  In several other criminal statutes, the Indiana Legislature has treated out-of-state offenses similar to their Indiana counterparts when the crimes are equivalent. *See, e.g.*, I.C. § 7.1-1-3-13.5 (conviction for operating while intoxicated); I.C. § 35-42-2-1.3(b)(1)(B) (defining a domestic battery as a Level 6 felony); I.C. § 35-47-4-5(a)(1)(B) (defining serious violent felon). Continuing this comparison policy, we note that residential burglary under the Indiana and Illinois statutory schemes are equivalent crimes. Specifically, in Indiana burglary is defined as "a person who breaks and enters the building or structure of another person, with intent to commit a felony or theft in it, commits burglary, a Level 5 felony." I.C. § 35-43-2-1. The offense becomes a Level 4 felony if the building or structure is a dwelling. I.C. § 35-43-2-1(1). Illinois defines residential burglary as "when he or she knowingly and without authority enters or knowingly and without authority remains within the dwelling place of another, or any part thereof, with the intent to commit therein a felony or theft." 720 ILCS 5/19-3(a).

[14]  Comparing Illinois' residential burglary statute and its possible sentence with Indiana's felony sentencing scheme qualifies Illinois' residential burglary as

greater than a Level 6 felony conviction. Residential burglary is categorized as a Class 1 felony in the state of Illinois. 720 ILCS 5/19-3(b). The sentence of a Class 1 felony "shall be a determinate sentence of not less than 4 years and not more than 15 years." 730 ILCS 5/5-4.5-30(a). The sentence of imprisonment "for an extended term Class 1 felony [] shall be a term not less than 15 years and not more than 30 years." 730 ILCS 5/5-4.5-30(a). Therefore, the sentence for a Class 1 felony residential burglary is greater than the maximum sentence for an Indiana Level 6 felony conviction and more in line with a sentence for an Indiana Level 4 felony conviction. *See* I.C. § 35-50-2-7(b) (sentence for Level 6 felony convictions is between six months and two-and-one-half years); I.C. § 35-50-2-5.5 (a Level 4 felony incurs imprisonment for a fixed term of between two and twelve years).

[15] Accordingly, a comparison of the Illinois residential burglary statute and the Indiana Level 4 burglary establishes that both offenses are equivalent in statutory elements and sentencing. As it is clear that Calvin's predicate offenses for the habitual offender enhancement are more similar to a Level 4 felony than a Level 6 felony, "at least one of the prior unrelated felonies is not a Level 6 felony or a Class D felony." *See* I.C. § 35-50-2-8(b). Therefore, we conclude that the State presented sufficient evidence to support Calvin's habitual offender enhancement.

# CONCLUSION

Based on the foregoing, we conclude that the State presented sufficient evidence beyond a reasonable doubt to support Calvin's adjudication as an habitual offender.

Affirmed.

Najam, J. and Bradford, J. concur