ATTORNEY FOR APPELLANT
Brian J. Johnson
Danville, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana



FILED

Dec 21 2017, 2:49 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 32S05-1707-CR-469

MATTHEW L. JOHNSON,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Hendricks Superior Court, Nos. 32D04-1508-F2-18 and 32D04-1507-F4-18
The Honorable Mark A. Smith, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 32A05-1604-CR-703

**December 21, 2017**

**Massa, Justice.**

The legislature's view of habitual offenders has changed over time, from statutory versions strict to those more flexible. In this case, the Court is asked to interpret the habitual offender statute in one of its recently amended forms, Indiana Code section 35-50-2-8(d) (Supp. 2015). Matthew Johnson objected to the State's habitual offender allegations, claiming each lower-level felony used for habitual offender purposes must meet the statute's ten-year requirement. We agree, and reverse the trial court.

**Facts and Procedural History**

In 2015, the State charged Johnson under two cause numbers. The first alleged seven felonies ranging from Level 2 to Level 6. The second alleged three felonies, one Level 4 and two Level 6s. Then, in each cause, the State filed identical habitual offender allegations. The State alleged that, pursuant to Indiana Code section 35-50-2-8(d), Johnson was a habitual offender based on Class D felony convictions in 2001, 2006, 2007, and 2009. Johnson objected, arguing each of the underlying lower-level offenses must meet the ten-year requirement in subsection 8(d)(2). The trial court overruled Johnson's objection to the habitual offender enhancement, but certified its order for interlocutory appeal.

The Court of Appeals accepted jurisdiction and reversed, finding convictions from which an offender was released more than ten years prior to the current offense do not count for habitual purposes, but those less than ten years do count. Johnson v. State, 75 N.E.3d 549, 552-53 (Ind. Ct. App. 2017). Thus, the court remanded the case to examine Johnson's offenses alleged for habitual purposes. Id.

We granted the State's petition to transfer, thereby vacating the Court of Appeals opinion. Ind. Appellate Rule 58(A).

**Standard of Review**

We review issues of statutory interpretation *de novo*. ESPN, Inc. v. Univ. of Notre Dame Police Dep't., 62 N.E.3d 1192, 1195 (Ind. 2016). "Our first task when interpreting a statute is to give its words their plain meaning" by considering the text and structure of the statute. Id. If the statute is ambiguous, we will determine and give effect to the legislature's intent. J.D.M. v. State, 68 N.E.3d 1073, 1077 (Ind. 2017).

2

**The Unambiguous Language of the Habitual Offender Statute Requires Each Prior Unrelated Lower-Level Felony Used for Habitual Purposes to Meet the Ten-Year Requirement.**

For years the Indiana legislature has periodically amended the habitual offender statute to be more lenient. Under the 2015 version—the version under which the State charged Johnson—a person convicted of a felony may have his or her sentence enhanced if:

> (1) the person has been convicted of three (3) prior unrelated felonies; and
>
> (2) if the person is alleged to have committed a prior unrelated:
>
>> (A) Level 5 felony;
>>
>> (B) Level 6 felony;
>>
>> (C) Class C felony; or
>>
>> (D) Class D felony;
>
> not more than ten (10) years have elapsed between the time the person was released from imprisonment, probation, or parole (whichever is latest) and the time the person committed the current offense.

Ind. Code § 35-50-2-8(d). Johnson argues that under subsection 8(d)(2) all prior unrelated lower-level felonies must meet the ten-year requirement. However, the State contends that subsection 8(d)(2) requires only one prior felony of any level to meet the ten-year requirement.

We find the statute unambiguous and agree with Johnson's plain reading of the statute. For a person to be sentenced as a habitual offender, the State must prove beyond a reasonable doubt that "the person has been convicted of three (3) prior unrelated felonies[.]" Id. -8(d)(1). Of those three unrelated felonies, subsection (d)(2) requires that if the person has committed "*a prior unrelated*" lower-level felony, it must not have been more than ten years since the person was released and the current offense was committed. Id. (emphasis added). The indefinite article "a" is defined as "a) one; one sort of . . . b) each; any one." *Webster's New World Dictionary* 1 (3d College ed. 1988). Therefore, applying a plain reading to the statute, "a" refers to prior unrelated

3

lower-level felonies used to establish the enhancement under subsection 8(d)(1), and requires that "one," "each," or "any one" of the prior unrelated lower-level felonies meet the ten-year requirement. This outcome is bolstered by the fact that elsewhere in the same section, the legislature used the phrase "at least one," but did not do so here. I.C. § 35-50-2-8(b)(2) ("[A]t least one (1) of the prior unrelated felonies is not a Level 6 felony or a Class D felony."); Id. § 8(c)(2) ("[A]t least one (1) of the prior unrelated felonies is not a Level 6 felony or a Class D felony[.]").

We applaud the Court of Appeals historical analysis; it accurately captures the legislature's evolving views of habitual offenders—that is, more recent, current statutes are far less draconian than their original counterparts. The court is largely correct in interpreting subsection 8(d) to require all such lower-level convictions within the last ten years to count for habitual purposes.[1] Notwithstanding the legislature's subsequent clarification of the statute to the contrary, where we part company with the court's analysis is on the narrow ground of whether more serious felonies must also occur within ten years of the current offense. We conclude that they need not. Instead, we find that the plain meaning of the 2015 version of subsection 8(d) requires that each lower-level felony—namely a Level 5, Level 6, Class C, or Class D felony—the State uses to establish subsection 8(d)(1) must meet the ten-year requirement found in subsection 8(d)(2).

---

[1] The legislature has since amended subsection 8(d), which now provides "not more than ten (10) years have elapsed between the time the person was released from imprisonment, probation, or parole (whichever is latest) for at least one (1) of the three (3) prior unrelated felonies and the time the person committed the current offense." I.C. § 35-50-2-8(d) (2017).

**Conclusion**

For the foregoing reasons, we reverse the trial court's overruling of Johnson's objection and remand for examination in light of this opinion.

Rush, C.J., and David, Slaughter, and Goff, JJ., concur.