Massa, J., dissenting. Absurd results don’t always trigger the absurdity doctrine. The Court’s opinion explains why that is wise. As it notes with respect to separation of powers, “ ‘the serious judicial act of declaring certain matters beyond the reach of the political branches’ ” should almost always be avoided. Supra at *6 (quoting John F. Manning, The Absurdity Doctrine, 116 Harv. L. Rev. 2387,2476(2003)). But in my judgment, we need not invoke the doctrine here to avoid an outcome that is, if not absurd, at least “peculiar,” as the Court mildly puts it. Supra at *7. It is hard to believe that our legislators intended an' Illinois murder conviction be treated the same as writing a bad check under our serious habitual offender statute.[1] Why they have not acted in response to contrary Court of Appeals opinions for two decades, is curious, as well. Perhaps because our precedents never went this far and, in fact, suggest a different outcome. See Shelton v. State, 490 N.E.2d 738, 744 (Ind. 1986); Slocumb v. State, 573 N.E.2d 427, 429 (Ind. 1991) (each discussing evidence of federal or out-of-state statutes upon which convictions were based and their prescribed sentences). I thus respectfully dissent. Long before California made “three strikes and you’re out” a familiar phrase in the national crime debate,[2] Indiana was using a habitual offender law to punish recidivists.[3] These laws occasionally have vexed our appellate courts[4] and have been moderated over time.[5] Amendments have unintentionally injected ambiguity into the statutes, and so it is with the portion we consider today. Unlike three decades ago, we no longer punish habitual offenders with a full thirty years on top of their sentence for the instant crime’ I.C. § 35-50-2-8 (Supp. 1978). The statutes wisely and more humanely now treat different recidivists differently, based on the severity of the instant offense and their prior convictions. See I.C. § 35-50-2-8 (2017). The law in question today attempts to do just that. Under its terms, if a. defendant commits a serious felony, and he has two priors, then at least one of those priors must be a serious offense to sustain this particular habitual finding and the more severe sanction it carries. See id -8(b). This rather simple proposition hides in a fog of statutory definitions and classifications that the Court today finds unambiguous. A recognition of ambiguity would allow for a more common-sense construction of the statute. If at least one of the predicates has to be serious, the rub here, then, is what constitutes a minor felony offense? That is simple enough for Indiana priors: a Class D felony before the most recent rewrite of the criminal code, a Level 6 thereafter. But what.about low-level felony convictions from other states? Here the legislature used the traditional line of demarcation between felonies and misdemeanors—imprisonment for at least a year—to define low-level felonies from other states, which otherwise might use. a different nomenclature of class or level, too varied to be included by specific reference.[6] This doesn’t mean they meant all out-of-state felonies are Level 6s, regardless of severity. They certainly could have been more precise in their drafting, but their imprecision does not dictate this windfall for serious habitual offenders who built their records victimizing people in other states. Here, Calvin is an unrepentant burglar. An Indiana jury found him guilty of a residential burglary. That same jury then learned he had two prior convictions for the same serious crimes in Illinois and rightly found him to be a habitual offender. But now we are to pretend those serious crimes weren’t so serious after all because of where they were committed. If that is not quite absurd, it is beyond peculiar. Coincidentally,, if not ironically, on this very day, I have written for the Court interpreting a different section of the habitual offender statute to a result nearly as odd. See Johnson v. State, 32S05-1707-CR-469, 87 N.E.3d 471, 2017 WL 6523525 (Ind. Dec. 21, 2017). At least the possibly unintended consequence at work in Johnson won’t be repeated thanks to recent statutory amendment. Perhaps the legislature might spare this Court from further peculiar holdings by fixing this section, as well.[7] . See Ind. Code § 35-43-5-5 (providing check deception is a Level 6 felony if. the amount is greater than $750). . See The "Three Strikes anfl You're Out" Law—A Preliminary Assessment, Cal. Legis. Analyst’s Office (Jan. 6, 1995), http://www.lao. ca.gov/reports/1995/stalus_checl<_the_three_ strikes_and_youre_out_law_a_preliminary_ assessment.pdf (discussing 1994 Cal. Stat. Ch. 12; § 1, 71). . Ind. Code § 35-50-2-8 (Supp. 1978). . See, e.g., Hensley v. State, 497 N.E.2d 1053 (Ind. 1986); State v. Downey, 770 N.E.2d 794 (Ind. 2002); Mills v. State, 868 N.E.2d 446 (Ind. 2007); Peoples v. State, 929 N.E.2d 750 (Ind. 2010); Dye v. State, 972 N.E.2d 853 (Ind. 2012); Jones v. State, 569 N.E.2d 975 (Ind. Ct. App. 1991); Johnson v. State, 575 N.E.2d 282 (Ind. Ct. App. 1991), trans. denied; Cain v. State, 594 N.E.2d 835 (Ind. Ct. App.), clarified on reh'g, 599 N.E.2d 625 (Ind. Ct. App. 1992); Rowold v. State, 629 N.E.2d 1285 (Ind. Ct. App. 1994); Schnepp v. State, 768 N.E.2d 1002 (Ind. Ct. App. 2002), trans. denied; Olatunji v. State, 788 N.E.2d 1268 (Ind. Ct. App. 2003), trans. denied; Townsend v. State, 793 N.E.2d 1092 (Ind. Ct. App. 2003), trans. denied; Goodman v. State, 863 N.E.2d 898 (Ind. Ct. App. 2007), trans. denied; Howard v. State, 873 N.E.2d 685 (Ind. Ct. App. 2007). . See Johnson v. State, 75 N.E.3d 549 (Ind. Ct. App. 2017), vacated on other grounds (tracing the evolution of Indiana’s habitual offender statute). . See generally Black's Law Dictionary 736 (10th ed. 2014) (defining "felony” as "a serious crime usu[ally] punishable by imprisonment for more than one year or by death”); I.C. § 35—50—2—1(b) (defining "felony conviction,” under the habitual offender statute, as a conviction for which a person may be imprisoned for more than one year); Model Penal Code § 1.04(2) ("A crime is a felony if ... persons convicted thereof may be sentenced ... in excess of one year.”); 18 U.S.C.A. § 3156(a)(3) (2015) (defining felony, for purposes of release and detention pending trial, as "an offense punishable by a maximum term of imprisonment of more than one year”). . See generally Richard A. Galt, The Use of Out-Of-State Convictions for Enhancing Sentences of Repeat Offenders, 5 Alb. L. Rev. 1133, 1154 (1994) (surveying the different approaches states have taken regarding the use of out-of-state predicate offenses, and concluding "[a] system that considers prior convictions when sentencing defendants must reflect how the prior behavior compares to the norms of the host state. However, at the same time, it must not allow technical loopholes to overly constrain the power of the state to hold criminals accountable for their actions”); Wayne A. Logan, Horizontal Federalism in an Age of Criminal Justice Interconnectedness, 154 U. Pa. L. Rev. 257, 329-30 (2005) (considering states’ use “of criminal convictions rendered by fellow sovereign state governments” and the "willingness to use one another's criminal law dispositions ... to expand the bounds of crime control”).