## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 20 2018, 10:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brian Lee Conrad, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | April 20, 2018 <br><br> Court of Appeals Case No. 79A02-1709-CR-2036 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Randy J. Williams, Judge <br><br> Trial Court Cause Nos. 79D01-1703-F5-30 79D01-1109-FA-23 |

**Crone, Judge.**

# Case Summary

[1] Brian Lee Conrad was convicted of level 5 felony narcotics possession and adjudicated a habitual offender. He appeals, challenging the sufficiency of the evidence to support the habitual offender finding. Finding the evidence sufficient, we affirm.

# Facts and Procedural History

[2] On March 16, 2017, Conrad was a passenger in a vehicle with his wife and a friend, Ryan Smith, who was driving. Police pulled them over for speeding, and just before Smith's vehicle came to a stop, Conrad instructed his wife to stash some heroin in her vagina "and make sure that it was in there good." Tr. Vol. 2 at 31-32. The officer discovered that Smith was driving on a suspended license, and a nearby canine unit was summoned to the scene. The canine officer alerted officers to the presence of drugs. On the passenger floorboard, the officers found a corner of a baggie containing a white residue later determined to be heroin. Conrad's wife retrieved the heroin from her vagina and gave it to one of the officers.

[3] The State charged Conrad with level 5 felony possession of a narcotic (by a person with a prior conviction for narcotics possession) and a habitual offender count. A jury found him guilty of the underlying level 6 felony narcotics possession, and he waived a jury trial for the second phase of trial. The State introduced his prior conviction in Wisconsin for heroin possession, and the trial court found him guilty of narcotics possession as a level 5 felony. During the

habitual offender phase, the State introduced evidence of Conrad's 2012 class B felony conviction, his 2006 class D felony conviction, for which he received a three-year executed sentence, and two 2004 class C felony convictions, for which he received concurrent six-year sentences, with four years executed and two years suspended to probation. The trial court took the matter under advisement and later issued an order adjudicating Conrad a habitual offender. The order referenced Conrad's prior class B, D, and C felony convictions but did not specify which convictions the court relied on for the habitual offender finding. Appellant's App. Vol. 2 at 53-55. The trial court sentenced Conrad to five years for narcotics possession, with a three-year habitual offender enhancement, and revoked his probation in his class B felony case. Conrad now appeals the habitual offender finding. Additional facts will be provided as necessary.

## Discussion and Decision

[4] Conrad challenges the sufficiency of the evidence to support his habitual offender adjudication. When reviewing a sufficiency challenge to a habitual offender adjudication, we neither reweigh evidence nor reassess witness credibility; rather, we examine only the evidence and reasonable inferences most favorable to the judgment and will affirm if substantial evidence of probative value supports the judgment. *Woods v. State*, 939 N.E.2d 676, 677 (Ind. Ct. App. 2010), *trans. denied* (2011).

[5] When Conrad committed the current level 5 felony offense, Indiana Code Section 35-50-2-8 read, in pertinent part,

(c) A person convicted of a Level 5 felony is a habitual offender if the state proves beyond a reasonable doubt that:

(1) the person has been convicted of two (2) prior unrelated felonies;

(2) at least one (1) of the prior unrelated felonies is not a Level 6 felony or a Class D felony; and

(3) if the person is alleged to have committed a prior unrelated:

….

(C) Class C felony; or

(D) Class D felony;

not more than ten (10) years have elapsed between the time the person was released from imprisonment, probation, or parole (whichever is latest) and the time the person committed the current offense.[1]

(d) A person convicted of a felony offense is a habitual offender if the state proves beyond a reasonable doubt that:

(1) the person has been convicted of three (3) prior unrelated felonies;

---

[1] With respect to the ten-year limitation, the legislature has since amended Indiana Code Section 35-50-2-8(c) to read, "not more than ten (10) years have elapsed between the time the person was released from imprisonment, probation, or parole (whichever is latest) for at least one (1) of the two (2) prior unrelated felonies and the time the person committed the current offense."

(2) if the person is alleged to have committed a prior unrelated:

....

(C) Class C felony; or

(D) Class D felony;

not more than ten (10) years have elapsed between the time the person was released from imprisonment, probation, or parole (whichever is latest) and the time the person committed the current offense.[2]

[6] Relying on subsection 8(d), Conrad argues that the State was required to prove that he had accumulated *three* prior unrelated felonies, with the two lower-level felonies being subject to the ten-year limitation. However, Conrad's underlying conviction in this case is a level 5 felony. This means that his habitual offender status is determined by applying subsection 8(c), which requires only two prior unrelated felony convictions, one of which was Conrad's class B felony, which is not subject to the ten-year limitation. Thus, the State was required to establish only that he was still serving his sentence for one of his less serious offenses on March 16, 2007, which is ten years before he committed the current level 5 felony offense. Conrad does not challenge the sufficiency of evidence to support the use of his 2012 class B felony conviction as a predicate offense and

---

[2] Indiana Code Section 35-50-2-8(d) has since been amended to read, "not more than ten (10) years have elapsed between the time the person was released from imprisonment, probation, or parole (whichever is latest) for at least one (1) of the three (3) prior unrelated offenses." *See Johnson v. State*, 87 N.E.3d 471, 473 (Ind. 2017) (interpreting the prior version of the statute as requiring that all, not merely one, of the lower level felony offenses used as predicate offenses had to meet the ten-year limitation).

argues with respect to the remaining offenses that the record simply does not support a finding that he was still serving his sentence for his class C or D felony offenses as of March 16, 2007.

[7] We find the record sufficient to support the use of Conrad's class D felony as his second prior unrelated offense. On July 21, 2004, Conrad was sentenced to concurrent six-year sentences for his two class C felony offenses, with four years executed and two years suspended to probation. On July 26, 2006, Conrad agreed to plead guilty to the class D felony offense and to admit to violating his probation in his class C felony case. On September 27, 2006, Conrad was sentenced to three years for the class D felony offense, to be served consecutive to the probation revocation sentence imposed in his class C felony case, the length of which is not mentioned in the exhibits. The only reasonable inferences that can be drawn from these facts are that on March 16, 2007, which was less than six months after the sentencing date in his class D felony case, Conrad was either still serving his three-year sentence for his class D felony conviction or had not yet begun to serve it because he was still serving the probation revocation sentence in his class C felony case.[3] The evidence was sufficient to support a finding that his release date for his class D felony

---

[3] The presentence investigation report ("PSI") definitively shows that Conrad was still serving his sentence for his class D felony conviction as late as November 2007. *See* Appellant's App. Vol. 2 at 155 (probation revoked on November 13, 2007, and defendant sentenced to Department of Correction for two years). At the outset of the sentencing hearing, the trial court stated that it had found Conrad guilty of the underlying level 5 felony and the habitual offender count and asked Conrad whether any corrections needed to be made to his PSI. Conrad responded, "NO judge other than just on … the credit time" calculation for the current case. Tr. Vol. 2 at 205.

predicate offense was within ten years of the date he committed his current offense. As such, we find the evidence sufficient to support his adjudication as a habitual offender. Accordingly, we affirm.

[8] Affirmed.

Bailey, J., and Brown, J., concur.