## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 02 2020, 9:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Stacy Yuron Hart
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana
Indianapolis, Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stacy Yuron Hart,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

April 2, 2020

Court of Appeals Case No.
19A-PC-2279

Appeal from the Vanderburgh
Circuit Court

The Honorable David D. Kiely,
Judge

Trial Court Cause No.
82C01-1603-PC-1458

**Bradford, Chief Judge.**

# Case Summary

[1] In 2014, Stacy Yuron Hart was convicted of Level 3 felony methamphetamine dealing, Level 6 felony narcotic-drug possession, and Class A misdemeanor paraphernalia possession and found to be a habitual offender, for which he was sentenced to an aggregate term of thirty-five years of incarceration. We affirmed Hart's convictions on direct appeal, and the Indiana Supreme Court denied transfer.

[2] In 2018, Hart filed his amended petition for post-conviction relief ("PCR"), alleging freestanding claims, ineffective assistance of appellate counsel, err by the Court of Appeals of Indiana, newly discovered evidence regarding the habitual offender enhancement, and that the Public Defender's Office and Court of Appeals of Indiana failed to advise him of the rules and perils of self-representation on appeal. The post-conviction court denied his petition in full without a hearing. Hart contends that the post-conviction court erred by denying him a hearing and PCR. We affirm.

# Facts and Procedural History

[3] The underlying facts leading to Hart's appeal of the denial of his PCR petition are as follows:

> From July 15–19, 2014, C.D., a fourteen-year-old runaway, lived with Hart at various locations in Evansville. During this time, Hart gave someone methamphetamine in exchange for the use of a motel room and sold methamphetamine from his car and at

multiple residences. On July 19, police picked up C.D. C.D. tested positive for methamphetamine, Xanax, marijuana, and synthetic marijuana. Evansville Police Detective Tony Mayhew interviewed C.D. regarding her prior whereabouts.

Based on what C.D. told him, Detective Mayhew obtained a search warrant for Hart's vehicle. On July 24, police stopped Hart's vehicle based on Detective Mayhew's warrant. The officer found a digital scale, a cigarette case containing baggie corners and tweezers, a glass pipe with residue, and small baggies with what he believed were drugs. Testing of the substances in the baggies revealed 7.16 grams of methamphetamine, two tablets of methadone, three tablets of hydrocodone, and five tablets of Tramadol.

The State charged Hart with Level 3 felony dealing in methamphetamine, Level 6 felony possession of a narcotic drug, Class A misdemeanor possession of paraphernalia, and Level 6 felony possession of a legend drug. It alleged Hart was an habitual offender. A jury found Hart guilty of all charges except Level 6 felony possession of a legend drug, on which the trial court directed a verdict. The jury concluded Hart was an habitual offender based on his prior convictions of Class D felony failure to return to lawful detention in 2002 and Class C felony possession of a controlled substance in 2005.

The trial court entered convictions and sentenced Hart to concurrent sentences of fifteen years for Level 3 felony dealing in methamphetamine, two and a half years for Level 6 felony possession of a narcotic, and one year for Class A misdemeanor possession of paraphernalia. Based on his adjudication as an habitual offender, the trial court enhanced Hart's sentence by twenty years for an aggregate sentence of thirty-five years.

*Hart v. State*, No. 82A01-1411-CR-472, 2015 WL 6954942, at *1 (Ind. Ct. App. 2015) (footnote omitted), *trans. denied*. On appeal, Hart argued that his trial counsel was ineffective for failing to move to suppress certain evidence, object to his habitual offender adjudication, and object to his enhanced sentence, with which we disagreed and affirmed his convictions. *Id*. Hart sought transfer, which was denied by the Indiana Supreme Court. *Hart v. State*, 46 N.E.3d 446 (Ind. 2016).

[4] On July 6, 2018, Hart filed an amended PCR petition, alleging freestanding claims, ineffective assistance of appellate counsel, error by the Court of Appeals of Indiana, newly discovered evidence regarding the habitual-offender enhancement, and that the Public Defender's Office and Court of Appeals of Indiana failed to advise him of the rules and perils of self-representation on appeal. On August 21, 2019, the post-conviction court denied Hart's petition without a hearing.

# Discussion and Decision

[5] The standard of review for appeals from the denial of PCR is well-settled. Petitioners who have exhausted the direct-appeal process may challenge the correctness of their convictions and sentences by filing a post-conviction petition. *Stevens v. State*, 770 N.E.2d 739, 745 (Ind. 2002). Petitioner bears the burden of establishing grounds for PCR by a preponderance of the evidence. *Id*. By appealing from a negative judgment, a petitioner faces a rigorous standard of review. *Wesley v. State*, 788 N.E.2d 1247, 1250 (Ind. 2003). Denial of PCR will

be affirmed unless, "the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court." *Id*. We do not defer to the post-conviction court's legal conclusion but do accept its factual findings unless they are clearly erroneous. *Stevens*, 770 N.E.2d at 746. The post-conviction process does not provide a petitioner with a "super-appeal" but, rather, a "narrow remedy for subsequent collateral challenges to convictions, challenges which must be based on grounds enumerated in the post-conviction rules." *Rouster v. State*, 705 N.E.2d 999, 1003 (Ind. 1999). Issues that were known and available but not raised on direct appeal are waived, and issues raised but decided adversely are *res judicata*. *Id.*

# I. Ineffective Assistance of Appellate Counsel

Hart raises numerous claims of ineffective assistance of appellate counsel, all premised on the notion that Scott Barnhart represented him on direct appeal. The record, however, is clear that Hart ultimately chose to proceed *pro se* and file his own brief on direct appeal after Barnhart withdrew. Because Hart chose to represent himself on direct appeal, he is precluded from claiming ineffective assistance of appellate counsel. *See Dowell v. State*, 557 N.E.2d 1063, 1067 (Ind. Ct. App. 1990) ("If the defendant chooses to proceed pro se, he should realize he cannot later claim inadequate representation."), *cert. denied*.

# II. Freestanding Claims

For the first time in his PCR petition, Hart contends that (1) the trial court lacked subject matter jurisdiction because the charging informations lacked

probable cause, (2) the trial court abused its discretion by issuing the search warrant because it was unsupported by probable cause, (3) the trial court was not neutral, and (4) the State's witness was under duress.[1] Because these freestanding claims were available but not raised on direct appeal, they are waived for post-conviction review. *Rouster*, 705 N.E.2d at 1003.

## III. Appellate Court Error

Hart contends that we made multiple erroneous decisions in *Hart v. State*, No. 82A01-1411-CR-472, 2015 WL 6954942, at *1 (Ind. Ct. App. 2015) (footnote omitted), *trans. denied*, which was his direct appeal. While our decisions are subject to review, post-conviction proceedings are not the proper avenue. The proper avenue is to seek transfer with the Indiana Supreme Court, which Hart attempted to do following our decision in his direct appeal, which was denied.

## IV. Failure to Advise

Hart contends that both the Public Defender's Office and the Court of Appeals of Indiana failed to inform him about the basic rules and perils of proceeding *pro se* on direct appeal. Hart, however, has not directed our attention to—nor do we know of any—legal precedent requiring such advisements by either the

---

[1] In his brief, however, Hart seems to allege these claims under ineffective assistance of appellate counsel. Regardless, this approach still does not get Hart where he needs to go. As previously discussed above, Hart may not allege ineffective assistance of appellate counsel because he chose to proceed *pro se* in his direct appeal.

Public Defender's Office or us. Hart has failed to establish that his denial of PCR relief in this regard was erroneous.

## V. Habitual Offender Enhancement

[10] Hart contends that the Indiana Supreme Court's opinion in *Johnson v. State*, 87 N.E.3d 471 (Ind. 2017), which was decided after his direct appeal, invalidates his habitual offender enhancement. In *Johnson*, the Court concluded that pursuant to Indiana Code subsection 35-50-2-8(d), each prior-unrelated felony conviction used to enhance the sentence of an underlying felony conviction must meet the ten-year requirement.[2] Hart's Level 3 felony conviction, however, was enhanced pursuant to Indiana Code subsection 35-50-2-8(b) and therefore is not affected by *Johnson*. Hart has failed to establish that the post-conviction court erred in denying him relief in this regard.

## VI. Denial of Evidentiary Hearing

[11] Hart contends that the post-conviction court erred by denying him an evidentiary hearing regarding his PCR petition. Given that there were no motions for summary disposition in this matter, it appears that the post-conviction court denied Hart relief without a hearing pursuant to Indiana Post-Conviction Rule 1, section 4(f). Indiana Post-Conviction Rule 1, section 4(f)

---

[2] We also note that in *Johnson*, the Court was considering a subsequent-amended version of Indiana Code section 35-50-2-8 than the version in effect during Hart's case.

provides, in part, that "[i]f the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings."

> When a court disposes of a petition under subsection f, we essentially review the lower court's decision as we would a motion for judgment on the pleadings. The court errs in disposing of a petition in this manner unless the pleadings conclusively show that petitioner is entitled to no relief. If the petition alleges only errors of law, then the court may determine without a hearing whether the petitioner is entitled to relief on those questions. However, if the facts pled raise an issue of possible merit, then the petition should not be disposed of under section 4(f). This is true even though the petitioner has only a remote chance of establishing his claim.

*Allen v. State*, 791 N.E.2d 748, 752–53 (Ind. Ct. App. 2003) (cleaned up), *trans. denied*. Specifically, Hart argues that he should have been afforded a hearing in order to examine his former trial counsel to establish that counsel was ineffective in failing to allege a possible defense.

[12] Hart's contention fails for two reasons. First, the pleadings conclusively showed that Hart was entitled to no relief as a matter of law. Second, even if Hart had been allowed to examine his trial counsel, he was precluded from arguing ineffective assistance of trial counsel because it was previously alleged on direct appeal. *See Rouster*, 705 N.E.2d at 1003 (noting that issues that were raised on direct appeal but decided adversely are *res judicata*). Hart has failed to establish that the post-conviction court erred by denying him relief without a hearing.

[13] The judgment of the post-conviction court is affirmed.

Baker, J., and Pyle, J., concur.