

FILED
Nov 16 2017, 5:40 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEES
A.T. AND M.H.

Allyson R. Breeden
Molly E. Briles
Ziemer, Stayman, Weitzel &
Shoulders, LLP
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Adoption of J.R.O. (Minor Child)<br><br>J.O. (Father),<br><br>*Appellant-Respondent,*<br><br>v.<br><br>A.T. and M.H.,<br><br>*Appellees-Petitioners*<br><br>———————————————<br><br>In the Matter of the Involuntary Termination of the Parent-Child Relationship of J.R.O. (Minor Child) and<br><br>J.O. (Father),<br><br>*Appellant-Respondent,* | November 16, 2017<br><br>Court of Appeals Case No. 82A05-1706-AD-1331<br><br>Consolidated Appeal from the Vanderburgh Superior Court<br><br>The Honorable Brett J. Niemeier, Judge<br><br>The Honorable Renée Allen Ferguson, Magistrate Judge<br><br>Trial Court Cause Nos. 82D04-1504-AD-36 and 82D04-1606-JT-1016 |

v.

Indiana Department of Child
Services,

*Appellee-Petitioner*

**Crone, Judge.**

# Case Summary

J.R.O. was the subject of a child in need of services ("CHINS") proceeding and a guardianship proceeding. His maternal great-aunt, A.T., and her wife, M.H. (collectively "Appellees"), petitioned to adopt him. J.R.O.'s father, J.O. ("Father"), was incarcerated and unrepresented by counsel in the adoption proceeding when the trial court held a hearing on the adoption petition. During that hearing, the court consolidated the CHINS, guardianship, and adoption proceedings. An attorney who represented Father in the CHINS proceeding and represented Father's mother and stepfather in the guardianship proceeding – and later represented Father in the adoption proceeding – orally objected to the filing of the adoption petition because adoption would terminate Father's parental rights. The Indiana Department of Child Services ("DCS") later petitioned for the involuntary termination of Father's parental rights. Pursuant to Indiana Code Section 31-19-9-18, the trial court ultimately determined that Father's consent to the adoption was irrevocably implied because he did not file

a written motion to contest the adoption. Consequently, the court granted Appellees' petition to adopt J.R.O.

[2] Father now appeals, asserting that Indiana Code Section 31-19-9-18 does not require the filing of a written motion to contest an adoption and that counsel's oral objection was sufficient. We agree and therefore reverse and remand for further proceedings.

## Facts and Procedural History[1]

[3] The essential facts are these. J.R.O. was born out of wedlock to A.W. ("Mother") and Father in December 2012. Mother and Father executed a paternity affidavit in January 2013. In November 2014, DCS removed J.R.O. from Mother and Father due to allegations of abuse and neglect and initiated a CHINS proceeding. During a hearing on November 18, at which Father did not appear, Mother admitted and the trial court declared that J.R.O. was a CHINS. On December 2, attorney Jacob Warrum entered an oral appearance for Father in the CHINS proceeding. The trial court subsequently entered a dispositional order making J.R.O. a ward of DCS.

[4] In a separate proceeding, on April 6, 2015, Father's mother and stepfather ("Paternal Grandparents") petitioned to be J.R.O.'s guardians. Paternal

---

[1] Indiana Appellate Rule 46(A)(6) provides that a party's statement of facts "shall describe the facts relevant to the issues presented for review[.]" The issues that Father has presented for review are purely procedural, yet Appellees' brief needlessly contains numerous facts that are irrelevant to those issues.

Grandparents were represented by Warrum, who prepared waivers and consents to the guardianship that were signed by Mother and Father.

[5] In yet another proceeding, on April 22, 2015, Appellees filed a petition to adopt J.R.O. Indiana Code Section 31-19-9-1 states that, except as otherwise provided in Chapter 31-19-9, a petition to adopt a child who is less than eighteen years old may be granted only if written consent to adoption has been executed by the mother of a child born out of wedlock and the father of a child whose paternity has been established by a paternity affidavit. Appellees' adoption petition alleged that Father's and Mother's consent to the adoption was not required for various reasons pursuant to Indiana Code Section 31-19-9-8. Appellees also filed a motion requesting that the guardianship and adoption proceedings be consolidated at a guardianship hearing set for April 23.

[6] The following persons appeared at the April 23 hearing: Mother, Warrum, Paternal Grandparents, DCS's counsel and family case manager, and Appellees and their counsel. Father was incarcerated; he did not appear telephonically, and, according to the chronological case summary ("CCS"), no one had entered an appearance for him in the adoption proceeding. The trial court announced its intention to consolidate the CHINS, guardianship, and adoption proceedings. Warrum stated that he did not object to the consolidation but did object to the filing of the adoption petition because "that goes against the plan of permanency. An adoption would therefore terminate the parental rights. That is against all logic." Tr. at 6. The trial court consolidated the proceedings

over Warrum's objection.[2]  Appellees' counsel served Mother with notice of the adoption petition in open court and stated that she had provided "Warrum with [Father's], as well." *Id*. at 7.[3]  Appellees' counsel also stated, "[W]e are alleging the consent [of Mother and Father] is not necessary, so we may need a consent hearing prior to the adoption hearing." *Id*.  The parties agreed on June 16 for the consent hearing and July 14 and 15 for the adoption hearing.

[7]  The June 16 hearing was cancelled.  On June 23, the adoption hearing was reset for July 30.  On July 30, the trial court set a hearing in all three proceedings for August 25.[4]  The CCS in the adoption proceeding and the CCS in the CHINS proceeding indicate that at the August 25 hearing, "Warrum's office appear[ed] by phone as counsel for [F]ather" and Mother signed a

---

[2] Each proceeding retained its own cause number and CCS.

[3] Contrary to Appellees' assertion, Warrum did not "ma[k]e clear that for the purpose of the April 23, 2015 hearing, he was representing the interests of the [Paternal Grandparents] and not Father's interests at that time." Appellees' Br. at 8-9 (citing Tr. at 15-16).  At one point, the trial court asked Warrum, "Are there any allegations of any drug involvement on Father's part?  I know you're not his attorney, so I know you represent the grandparents.  I just didn't know if the parties know if there's any concerns about drugs." Tr. at 16.  It is true, as Appellees observe, that Warrum "did not indicate that this statement was in any way incorrect with respect to his representation during" that hearing, Appellees' Br. at 9, but it is also true that Warrum was currently representing Father in the CHINS proceeding and objected to the adoption because it would terminate Father's parental rights.

[4] According to the transcript, the July 30 hearing was set for 9:00 a.m.; "the recording device was paused at 8:45 a.m. and did not resume recording until 9:20 a.m.  The only recorded portion of this hearing occurred" between 9:37:39 and 9:38:50 a.m. Tr. at 22, 23 (capitalization altered).  At the start of the recorded portion of the hearing, the trial court informed DCS's counsel, who apparently had just arrived, that they "didn't end up doing anything" other than scheduling the August 25 hearing, and that Warrum "was saying that it looks like he and [Appellees] are gonna enter into an agreement on the adoption." *Id*. at 22.  The same recording technique was employed during a hearing on November 24. *See id*. at 25 ("The cause did not come before the court until after 2:00 p.m.  The recording device was paused at 2:13 p.m. and did not resume recording until 2:23 p.m.  The only recorded portion of this hearing occurred at 2:23:46" and lasted until 2:27:05 p.m.) (capitalization altered).  We encourage the trial court and the court reporter to ensure that similar lapses do not occur in future proceedings.

consent to the adoption. Appellant's App. Vol. 2 at 23; Appellees' App. Vol. 2 at 8.[5] A hearing was set for November 24, during which Warrum moved to withdraw as Father's counsel and attorney Thomas Krochta was appointed to replace him.[6] At a hearing on December 7, a trial was set for March 7, 2016. Additional continuances ensued.

[8] Meanwhile, on June 13, 2016, DCS filed a petition for the involuntary termination of Mother's and Father's parental rights ("TPR"). At the initial hearing on July 26, the trial court appointed Krochta to represent Father, who was incarcerated and appeared telephonically. Krochta entered a denial on Father's behalf. On August 25, Father was released from incarceration and participated in supervised visitation with J.R.O. as well as various services and drug testing in conjunction with DCS.

[9] Ultimately, a consolidated hearing in the adoption and TPR proceedings was set for November 23. On November 22, Appellees filed a motion to determine that Father's consent to the adoption was not required ("consent motion") pursuant to Indiana Code Section 31-19-9-18, which states in pertinent part that "[t]he consent of a person who is served with notice … to adoption is irrevocably implied without further court action if the person … fails to file a

_____

[5] The CCS in the guardianship proceeding indicates that the August 25 hearing was vacated. Appellees' App. Vol. 2 at 33.

[6] The CCS in the adoption proceeding does not indicate that Warrum ever officially entered an appearance for Father, but his request for withdrawal is certainly consistent with his having done so.

motion to contest the adoption as required under IC 31-19-10 not later than thirty (30) days after service of notice ....”[7]  In the consent motion, Appellees stated that they had served Father “with notice of this proceeding in care of his attorney, Jake Warrum, in open court on April 23, 2015[,]” and that “[m]ore than 30 days have passed and [Father] has failed to file a motion contesting the adoption thus his consent is irrevocably implied pursuant to” Indiana Code Section 31-19-9-18.  Appellant’s App. Vol. 2 at 116.

[10]  At the November 23 hearing, the trial court heard argument on the consent motion.  Appellees’ counsel stated,

> Now [Father] was served with the notice of adoption in open Court on April 23rd, 2015, and to date there’s been no written objection filed.  I believe the statute requires that – the language is “fails to file a motion to contest the adoption”.  I think the fact that the Legislature used the world “files” requires a written motion and none was ever filed in this case.

Tr. at 60.  Father’s counsel Krochta replied,

> I know that many times when the Legislature feels that something needs to be written they use the word written to emphasize the fact that anything other than written would be [sic] sufficient.  In addition to that, of course the wording of the statute states that if this is not done an adoption – it should be irrevocably implied without further Court action, that consent is not required.  Looking at the record here in the adoption, on 4/23/2015 his then attorney, Jake Warrum, of course objected to

---

[7] Before July 1, 2017, this provision was in subsection (a) of the statute.  It is currently in subsection (b).

the adoption and of course actions were – over his objections
Court orders all three matters consolidated.  So we don't think
the motion is well taken, Judge.

*Id.* at 60-61.[8]  The trial court agreed with Appellees that Father's consent to the adoption was irrevocably implied because he did not file a written motion to contest the adoption; the court then vacated the TPR hearing and scheduled the final adoption hearing.  On November 29, the court issued a written order to this effect in the CHINS, adoption, and TPR proceedings.  Father filed a motion to correct error, which the trial court denied.

[11]  On January 20, 2017, DCS filed its consent to the adoption.  The final adoption hearing was held on May 18.[9]  On that date, the trial court issued an order granting Appellees' adoption petition, thereby officially or effectively closing the CHINS, guardianship, and TPR proceedings.  Father appealed that order as well as the trial court's closure of the TPR proceeding without a final hearing.  We granted Father's motion to consolidate his appeals from the adoption and TPR proceedings.[10]

---

[8] Appellees' counsel did not object to Krochta's statement that Warrum was acting as Father's attorney when he objected to the adoption at the April 2015 hearing.

[9] Father did not appear at the hearing but was represented by Krochta.  When the trial court asked why Father was not present, Krochta replied, "Judge, you asked me not to have him here today."  Tr. at 69.

[10] DCS has opted not to file a brief in this appeal.

# Discussion and Decision

[12] Father raises several issues on appeal, one of which we find dispositive: whether the trial court erred in concluding that his consent to the adoption was irrevocably implied because he did not file a written motion to contest the adoption. This is a question of first impression that requires us to interpret Indiana Code Section 31-19-9-18. "Statutory interpretation is a question of law and is reviewed de novo, or without deference to the trial court's interpretation." *In re J.W., Jr.*, 27 N.E.3d 1185, 1189 (Ind. Ct. App. 2015), *trans. denied*. When interpreting a statute, we independently review its meaning and apply it to the facts of the case at hand. *Id*. If a statute is unambiguous, that is, if it is susceptible of only one meaning, we must give the statute its clear and plain meaning. *Id*. But if a statute is susceptible of multiple interpretations, "we must try to ascertain the legislature's intent and interpret the statute so as to effectuate that intent." *Id*. "We presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results." *Id*. We must consider not only what the statute says, but also what it does not say. *Id*.

[13] As mentioned above, Indiana Code Section 31-19-9-18 provides in pertinent part that "[t]he consent of a person who is served with notice … to adoption is irrevocably implied without further court action if the person … fails to file a motion to contest the adoption … not later than thirty (30) days after service of notice …." Father argues that a motion to contest an adoption need not be in

writing and that Warrum's oral objection at the April 2015 hearing was a valid motion to contest Appellees' adoption of J.R.O. We agree.

[14] We first observe that a motion may be either written or oral and that oral motions may be filed. *See, e.g.*, *Pounds v. State*, 443 N.E.2d 1193, 1195 (Ind. 1983) ("The only evidence in the record of this issue having been raised before the trial court is an oral motion *in limine* filed by Defendants ...."); *J.J. v. State*, 58 N.E.3d 1002, 1004 (Ind. Ct. App. 2016) ("J.J. filed an oral motion to suppress ...."). We further observe that Indiana Code Section 31-19-9-18 does not specifically require the filing of a written motion and that the legislature knows how to require one when it wants to. *See, e.g.*, Ind. Code § 4-21.5-3-24(b) ("Within seven (7) days after service of a proposed default or dismissal [administrative] order, the party against whom it was issued may file a *written motion* requesting that the proposed default order not be imposed and stating the grounds relied upon.") (emphasis added); Ind. Code § 31-37-22-11(b) ("Upon the *written motion* of a trafficked child, or any person acting on behalf of a trafficked child, the court that adjudicated the trafficked child a delinquent child shall vacate the adjudication issued with respect to the trafficked child, if the movant proves" certain things by a preponderance of the evidence) (emphasis added); Ind. Code § 35-41-3-11(c) ("If a [criminal] defendant proposes to claim the use of justifiable reasonable force ..., the defendant must file a *written motion* of that intent with the trial court" by a certain date) (emphasis added). The legislature chose not to require the filing of a written motion to contest an adoption in Indiana Code Section 31-19-9-18, and we "will not read into a

statute that which is not the expressed intent of the legislature." *Allen v. Allen*, 54 N.E.3d 344, 347 (Ind. 2016).

[15] Moreover, we have often held that where the purpose of a rule is satisfied, this Court will not elevate form over substance. *Parham v. Parham*, 855 N.E.2d 722, 727 (Ind. Ct. App. 2006), *trans. denied* (2007). The purpose of Indiana Code Section 31-19-9-18 was satisfied in this case, where Appellees' counsel served attorney Warrum with Father's notice of the adoption petition in open court and Warrum promptly objected to the adoption because it would terminate Father's parental rights. Father later sought to vindicate those rights by entering a denial to the TPR petition and participating in supervised visitation and services. This Court has acknowledged that the right to raise one's child is protected by the Fourteenth Amendment to the United States Constitution and is "an essential and basic right more precious than property rights[.]" *Matter of Adoption of Topel*, 571 N.E.2d 1295, 1298 (Ind. Ct. App. 1991). To hold that Warrum's oral objection did not preserve Father's right to contest the adoption of his son, which would result in the termination of his parental rights, would

elevate form over substance to an untenable degree.[11]

[16] Based on the foregoing, we hold that the trial court erred in concluding that Father's consent to the adoption was irrevocably implied because he did not file a written motion to contest the adoption. Therefore, we reverse and remand for further proceedings consistent with this opinion, which may include reinstatement of the CHINS, guardianship, and/or TPR proceedings if appropriate. It may well be that Father's consent to the adoption is not required for another reason pursuant to Indiana Code Section 31-19-9-8, but that is a determination to be made on remand after a full and fair evidentiary hearing.[12] We acknowledge the disruption that our holding will cause to all

---

[11] In the consent motion and at the hearing on that motion, Appellees acknowledged that Warrum accepted notice of the adoption petition as Father's counsel at the April 2015 hearing, notwithstanding that he was representing Paternal Grandparents in the guardianship proceeding and had not entered an appearance for Father in the adoption proceeding. *See* Appellant's App. Vol. 2 at 116 (consent motion) (noting that Appellees' counsel served notice of the adoption "proceeding in care of [Father's] attorney, Jake Warrum, in open court"); Tr. at 60 (noting that Father, i.e., Warrum, "was served with the notice of adoption in open court"). On appeal, Appellees argue for the first time that Warrum did not object to the adoption on Father's behalf. This argument comes too late and ignores the practical realities of the situation: Warrum was serving as Father's counsel in the CHINS proceeding; the trial court had announced its intention to consolidate the CHINS, guardianship, and adoption proceedings; and Paternal Grandparents had no standing to object to the adoption on the basis of Father's parental rights. Furthermore, Father should not be penalized for the confusing state of affairs regarding the consolidation of the proceedings and Warrum's multiple representations.

[12] In the adoption petition, Appellees alleged that Father's consent to the adoption was not required pursuant to Indiana Code Section 31-19-9-8(a)(1) (abandonment or desertion of the child for at least six months immediately preceding the petition's filing date), -(a)(2) (failing without justifiable cause to communicate significantly with the child when able to do so or knowingly failing to provide for the child's care and support when able to do so as required by law or judicial decree for at least one year), -(a)(11) (the parent is unfit to be a parent and the child's best interests would be served if the court dispensed with the parent's consent, which the petitioner must prove by clear and convincing evidence), and -(b) (the court may declare the child abandoned by the parent if the parent has made only token efforts to support or to communicate with the child). Because Mother is not a party to this appeal, we express no opinion on the status of her parental rights.

parties involved, especially Appellees and J.R.O.  But as our legislature has acknowledged, it is the policy of this state and the purpose of Indiana Code Title 31 to recognize and enforce the legal rights of children *and* their parents, Ind. Code § 31-10-2-1(10)(B), and our interpretation of Indiana Code Section 31-19-9-18 is entirely consistent with that policy and purpose.

[17]   Reversed and remanded.

Vaidik, C.J., and Mathias, J., concur.