Rush, Chief Justice, dissenting.
I don't quibble with the Court of Appeals' holding that an oral motion may be enough to contest an adoption under Indiana Code section 31-19-9-18(b) (2017).[1] In re J.R.O. , 87 N.E.3d 37, 39, 42-43 (Ind. Ct. App. 2017). But keeping that holding from making mischief in our trial courts requires more guidance, which this Court should provide. I thus respectfully dissent from the denial of transfer.
Here, the trial court consolidated J.R.O.'s child in need of services ("CHINS"), guardianship, and adoption proceedings. The attorney representing J.R.O.'s father in the CHINS case did not object to consolidation but did orally object to the adoption petition. Nineteen months later, the trial court found that the father's consent to the adoption was irrevocably implied for failing to contest the adoption with a written motion. Another six months after that, the court granted the adoption petition.
The father appealed, arguing in part that the governing statute does not require a written motion contesting an adoption. The Court of Appeals agreed and reversed the trial court's irrevocably implied consent finding and thus also its grant of the adoption petition. See id. at 43-44.
Appellate reversals like this one upend nearly final adoptions as the only way to protect parental rights at such a late stage. As a result, they cannot provide the permanency that children need. The better path is to protect the process and parties' rights at an earlier and more appropriate time.
Naturally, the best practice is for the objecting person to file a written motion to contest the adoption. See Ind. Code § 31-19-9-18(b). If the motion is only oral, safeguards are needed.
I would thus grant transfer and emphasize that after an oral motion contesting an adoption, the trial court should ensure that (1) the motion is on the record, (2) the parties are present or promptly notified of the motion, and (3) the motion-including whose it is-is clearly reflected on the chronological case summary ("CCS").
A clear record is integral to effective appellate review. James v. State , 716 N.E.2d 935, 941 (Ind. 1999) ("The importance of making a record for appellate review cannot be overemphasized."); see also Ind. Appellate Rule 50(A)(1). While an oral motion will rarely by itself supply a complete record, it "may allow the trial judge an opportunity to make a record sufficient for a reviewing court." Brock v. State , 955 N.E.2d 195, 204 n.9 (Ind. 2011). So a trial court should respond to an oral motion contesting an adoption by immediately developing the record on that point-likely with an order recognizing the motion. That did not happen here. Instead, the trial court barely recognized the oral objection before moving on.
*75 Next, if parties are absent when an oral motion is made, the trial court should ensure that they are notified that the adoption is contested. Interested parties may be incarcerated or otherwise unable to attend, as J.R.O.'s father was here. They should not be left in the dark about important developments in the adoption case.
Finally, an oral motion and its appropriate details should be reflected on the adoption case's CCS-the "official record of the trial court." Ind. Trial Rule 77(B). This case shows why an accurate and complete CCS is essential. At an early hearing, the trial court consolidated J.R.O.'s CHINS, guardianship, and adoption cases. This suddenly left attorney Jake Warrum simultaneously representing J.R.O.'s father (in the CHINS case) and J.R.O.'s paternal grandparents (in the guardianship case). So it's less than clear on whose behalf Warrum objected to the adoption petition-and the CCS says only, "Jake Warrum objects to pet. for adoption being filed." See J.R.O. , 87 N.E.3d at 40 n.3, 41 nn.6 & 8, 43 n.11. The trial court should have clarified at the hearing whom Warrum was representing with that objection and made sure that the CCS reflected the answer.
Without these safeguards, records may be left incomplete and confusing, hampering effective appellate review. That serves no one's best interest, so I respectfully dissent from the denial of transfer.
David, J., concurs.

In 2017, the General Assembly added a new subsection (a) to this statute, moving the irrevocably implied consent provision from subsection (a) to subsection (b).