## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 03 2019, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of T.C. (Minor Child), Child in Need of Services, and

M.C. (Mother),

*Appellant-Respondent,*

v.

Indiana Department of Child Services,

*Appellee-Petitioner*

October 3, 2019

Court of Appeals Case No.
19A-JC-432

Appeal from the Marion Superior Court

The Honorable Marilyn A. Moores, Judge

The Honorable Danielle Gaughan, Magistrate

Trial Court Cause No.
49D09-1812-JC-2976

**Crone, Judge.**

## Case Summary

[1] The Marion County Department of Child Services ("DCS") filed a petition alleging that nine-year-old T.C. was a child in need of services ("CHINS"). During a factfinding hearing attended by T.C.'s mother, M.C. ("Mother"), and after the presentation of five witnesses, DCS moved to dismiss the CHINS petition without prejudice, stating that it planned to refile a new petition to include additional allegations. The trial court granted the motion to dismiss without prejudice over Mother's objection. Mother now appeals that decision. We affirm.

## Facts and Procedural History

[2] T.C. was born to Mother on October 14, 2009. She was placed in the care of her godmother at that time because Mother was incarcerated. Mother was released from incarceration when T.C. was one year old. However, T.C. stayed in her godmother's care because Mother went on work release, and then on home detention. T.C. finally began living with Mother in October 2018.

[3] On December 4, 2018, DCS received a report from T.C.'s school that T.C. had reported being sexually abused by Mother's boyfriend. DCS scheduled a forensic interview for that same day. T.C. informed the forensic interviewer that Mother's boyfriend had sexually abused her. Mother stated that she did not believe T.C. Following the interview, T.C. was taken to the hospital for a sexual abuse evaluation. The results were inconclusive. While at the hospital, T.C. recanted her story. DCS staff believed that Mother must have said

something to T.C. to cause her to change her story. Mother tried to remove T.C. from the hospital before permitted to do so, and then became combative, causing security to be called. Due to Mother's behavior, DCS removed T.C. from Mother's care.

[4] DCS filed a CHINS petition on December 6, 2018, and an amended petition on January 10, 2019.[1] The petition alleged that T.C. had been sexually abused by Mother's boyfriend, that Mother did not believe T.C., and that as a result, Mother had failed to provide T.C. with a safe, stable, and appropriate living environment free from sexual abuse.

[5] The trial court held a factfinding hearing as to Mother on January 28, 2019.[2] After presenting the testimony of five witnesses, and receiving numerous adverse evidentiary rulings, DCS moved to dismiss the CHINS petition without prejudice. Mother objected and requested a dismissal with prejudice since an evidentiary hearing had already been commenced and witnesses were examined. DCS informed the trial court that it planned to "refile within the next twenty-four hours." Tr. Vol. 2 at 53. The trial court granted DCS's motion for dismissal without prejudice and ordered T.C. returned to Mother but warned Mother that "it sounds like DCS is [re]filing." *Id.* The court then stated that the case was closed at least for the "moment." *Id.* Mother now appeals the without-prejudice dismissal of the CHINS petition. Both parties

---

[1] The amended petition corrected the name of T.C.'s father.

[2] As of the time of the hearing, DCS was unable to locate T.C.'s father.

acknowledge that, at this juncture, it does not appear that DCS ever refiled a CHINS petition.

## Discussion and Decision

[6] Before turning to the merits, we first address DCS's assertion that Mother's appeal should be dismissed because the trial court's without-prejudice dismissal of the CHINS petition was not a final appealable order. Our supreme court has held otherwise, with members of the court very recently reiterating that a without-prejudice dismissal is in fact a final appealable judgment. *Matter of Eq.W.*, 124 N.E.3d 1201, 1216 (Ind. 2019) (Slaughter, J. concurring in part and in the judgment with separate opinion in which Massa, J., joined) (citing *Wall v. Hutton*, 92 Ind. App. 705, 706, 173 N.E.600, 601 (1930)). Accordingly, we decline DCS's request to dismiss Mother's appeal.

[7] Mother contends that the trial court abused its discretion in granting DCS's motion to dismiss the CHINS petition without prejudice. Specifically, Mother contends that she was unduly prejudiced by the trial court's decision to allow this type of voluntary dismissal after a factfinding hearing had already been commenced. We disagree.

[8] We review a trial court's decision to grant a motion for voluntary dismissal without prejudice for an abuse of discretion. *Principal Life Ins. Co. v. Needler*, 816 N.E.2d 499, 502 (Ind. Ct. App. 2004). An abuse of discretion occurs when the dismissal is not "in accordance with what is fair and equitable within the

confines of justice, in light of and confined to the facts and circumstances of a particular case." *Id.*

[9] In a CHINS proceeding, "the State must prove by a preponderance of the evidence that a child is a CHINS as defined by the juvenile code." *In re K.D.*, 962 N.E.2d 1249, 1253 (Ind. 2012) (citation omitted). It should be emphasized that the purpose of a CHINS adjudication is to protect children, not to punish parents. *Id.* at 1255. Indeed, the process of the CHINS proceeding focuses on the best interests of the child, rather than guilt or innocence as in a criminal proceeding. *Id.* Indiana Code Section 31-34-9-8(a) provides that a person representing the interests of the State, i.e., DCS, "may file a motion to dismiss any petition that the person has filed under this chapter." Not later than ten days after such motion to dismiss is filed, the trial court shall either summarily grant the motion to dismiss or set a date for a hearing on the motion. *See* Ind. Code § 31-34-9-8(c).[3] Here, the trial court summarily granted DCS's motion to dismiss the CHINS petition during the factfinding hearing immediately after such motion was made by DCS.

---

[3] Mother argues that the legislature's provision that DCS "may file a motion to dismiss" contemplates "a written motion to dismiss being filed" and therefore DCS's oral motion to dismiss the CHINS petition was insufficient. Reply Br. at 8. She is mistaken. We have observed that a motion may be either written or oral and that oral motions may be "filed." *Matter of Adoption of J.R.O.*, 87 N.E.3d 37, 42 (Ind. Ct. App. 2017), *trans. denied* (2018). Indeed, we have further observed that the legislature knows how to specifically require the filing of a written motion when it wants to. *See id.* (citing Ind. Code §§ 4-21.5-3-24(b), 31-37-22-11(b), and 35-41-3-11(c), and noting that each statute refers to the filing of a "written motion" as opposed just a "motion."). The legislature has imposed no such requirement here.

Mother does not argue that dismissal of the CHINS petition was unwarranted, she simply asserts that the dismissal should have been with prejudice to prevent DCS from refiling a CHINS petition based upon the same allegations presented in the first petition. Essentially, Mother seeks a merits ruling so that she will be in the position to invoke the doctrine of res judicata against DCS in the event of a subsequent CHINS filing.[4] However, we conclude under the circumstances presented that Mother was not entitled to a ruling on the merits.

Although factfinding had commenced and DCS presented some evidence in support of its claim that T.C. needed services, the trial court made no merits determination as to whether DCS sustained its burden of proof. Instead, after receiving numerous adverse evidentiary rulings during the hearing, DCS halted its presentation and moved for voluntary dismissal without prejudice. In addition to DCS's statutory right to seek dismissal discussed above, Indiana Trial Rule 41(A)(2) permits a plaintiff to voluntarily dismiss an action without prejudice upon approval of the trial court. Mother concedes that it is generally recognized that voluntary dismissal without prejudice should be allowed unless

_____

[4] In *Eq.W.*, a case procedurally distinguishable from the case at bar, our supreme court held as a general matter that the claim preclusion branch of res judicata applies to CHINS proceedings. 124 N.E.3d at 1211. Mother recognizes that a dismissal without prejudice is not a ruling on the merits, and therefore res judicata would be inapplicable to a subsequent CHINS filing here. Reply Br. at 5; *see Zaremba v. Nevarez*, 898 N.E.2d 459, 463 (Ind. Ct. App. 2008) (dismissal without prejudice is not determination of merits of complaint and does not bar later trial of issues). Although the issue is not squarely before us, to the extent that certain statements in *Eq.W.* imply that the doctrine of res judicata could be invoked in a subsequent proceeding following a without-prejudice dismissal of a CHINS petition, we disagree with any such implication. *See Eq.W.*, 124 N.E.3d at 1216 (Slaughter, J. concurring in part and in the judgment with separate opinion in which Massa, J., joined) (agreeing with majority's determination that mother failed to preserve res judicata objection on appeal, but disagreeing with majority's implication that res judicata could have otherwise been invoked following the non-merits without-prejudice dismissal).

a defendant will suffer legal prejudice other than the mere prospect of another lawsuit. *Rose v. Rose*, 526 N.E.2d 231, 234 (Ind. Ct. App. 1998), *trans. denied.* Mother has not shown such prejudice, as the only potential legal harm she faces is the prospect that DCS may file a subsequent CHINS petition regarding T.C. based upon the same allegations. In advocating for a dismissal with prejudice under these circumstances, Mother is effectively requesting us to impose a standard akin to criminal double jeopardy in CHINS cases once any factfinding has begun, and we decline to do so. *See Emmons v. State*, 847 N.E.2d 1035, 1037 (Ind. Ct. App. 2006) (noting in the criminal context regarding federal and state constitutional rights to be free from double jeopardy, "In a bench trial, jeopardy attaches when the court begins to hear evidence" or after "first witness is sworn in.")) (citations omitted). A CHINS proceeding is a civil action, *see K.D.*, 962 N.E.2d at 1253, and as the trial court here had made no rulings on the merits of any contested issues, voluntary dismissal of the CHINS petition without prejudice was appropriate. We reiterate that the purpose of CHINS proceedings is to protect children.

[12] That is not to say that we condone DCS's apparent lack of preparedness at the factfinding hearing, and its failure to present relevant and admissible evidence to support the allegations contained in the petition it chose to file. Nor do we mean to downplay the importance of DCS's responsibility to "fully investigate and present" a "complete picture of the type of alleged conduct underpinning a CHINS petition" on its "first go-round." *Eq.W.*, 124 N.E.3d at 1210. Be that as it may, DCS realized its evidentiary failings and moved for voluntary dismissal

well before the trial court was in the position to make a merits-based determination.

[13] Under the circumstances, we conclude that the trial court did not abuse its discretion in granting DCS's motion to dismiss the CHINS petition without prejudice. Accordingly, we affirm.

[14] Affirmed.

Baker, J., and Kirsch, J., concur.